**PARKHILL PRODUCE COMPANY**

v.

**PECOS VALLEY SOUTHERN RAIL-
WAY COMPANY (four cases).**

**Civ. A. Nos. 1979–1981, 1983.**

United States District Court
S. D. Texas,
Corpus Christi Division.

Aug. 10, 1961

Ward & Brown, Howell Ward and Margaret B. Brown, Corpus Christi, Tex., for plaintiffs.

Kleberg, Mobley, Lockett & Weil, Leslie S. Lockett, Corpus Christi, Tex., and John F. Tomlin, Pecos, Tex., for defendants.

GARZA, District Judge.

All of the above civil actions were removed to this Court by the defendant, Pecos Valley Southern Railway Company, from the District Court of Nueces County, Texas. Originally said causes had been filed in the State Court in separate actions, none of which actions involved the jurisdictional amount necessary for removal. Each cause of action as originally filed sought damages to interstate shipments of either cantaloupes or onions from Pecos, Texas, to some midwestern or mid-eastern point. The defendant in each case filed its answer, and in some filed counterclaims, and even took depositions. Requests for admissions were filed and answered. The defendant then filed a motion which was opposed by the plaintiff, asking the State Court to consolidate certain of the counts in said causes of action, so that all shipments going to one destination would be in the same docketed cause rather than in separate lawsuits.

The State Court entered its order of consolidation on December 6, 1960, and when consolidated, the four causes before us amounted, in each case, to damages being claimed in excess of $3,000. Immediately thereafter the defendant removed to this Court said causes, basing jurisdiction on 28 U.S.C.A. § 1337 (Interstate Commerce section), and 28 U.S.C.A., § 1445 which provides that actions involving carriers moving in interstate commerce become removable to the Federal Court when the amount in controversy exceeds $3,000.

After the petition for removal had been perfected, the defendant Railroad filed in each of said several actions a motion to transfer the cause to the Pecos Division of the United States District Court for the Western District of Texas, basing its grounds for transfer on Sec. 1404(b), Tit. 28 U.S.C.A.

The plaintiff then filed its motion to remand said causes to the State Court, basing its motion on the following grounds: (1) The removal proceedings were not timely filed by the defendant; (2) the right to remove was waived by the defendant by its own acts occurring before the entry of the order of consolidation; and (3) the order of consolidation did not make the cases removable because it was not the result of a voluntary act or action on the part of the plaintiff.

So, there are before the Court two motions, one on the part of the plaintiff to remand, and the other on the part of the defendant to transfer.

The Court will first consider the motion to remand.

■ In attempting to rule upon plaintiff's first contention that the removal proceedings were not timely filed by defendant, it is necessary to first examine the language of the statute, 28 U.S.C.A. § 1446(b), which reads as follows:

"* * * If the case stated by the initial pleading is not removable, *a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other pa-*

*per from which it may first be ascertained that the case is one which is or has become removable."* (Emphasis supplied.)

There is no question that these causes were not removable until the order of consolidation by the State Court on December 6, 1960. When said order was entered, it could first be ascertained that the cases were ones which had become removable. If the order of consolidation is held to be good, there is no question that defendant has timely filed its motion within the period provided by the statute.

Plaintiff's second contention in its motion to remand is that the right to remove had been waived by acts of the defendant, occurring prior to consolidation, mainly because the defendant had filed counterclaims for freight charges and the like. Plaintiff contends that the filing of the cross-claim or cross-action by defendant was a submission to jurisdiction and thereby constituted a waiver. Plaintiff also contends that it was unnecessary for defendant to file a cross-action.

The requirements of compulsory counterclaims or cross-actions are well established in Texas. In order to preserve its cross-action, it was necessary that defendant file the same. The rule is clearly stated in Rule 97(a), Texas Rules of Civil Procedure, as follows:

"Rule 97. Counterclaim and Cross-Claim

"(a) Compulsory Counterclaims. A pleading shall state as a counterclaim any claim within the jurisdiction of the court, not the subject of a pending action, which at the time of filing the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."

Plaintiff has cited to the Court the case of Briggs Const. Co. v. Miami Window

Corporation, D.C., 158 F.Supp. 229 to support its contention that defendant had invoked the jurisdiction of the State Court and thereby waived its right of removal. This case involved a voluntary counterclaim that the defendant did not have to file under the State law of Georgia; and the Court, in the Briggs case, expressly limited its decision to voluntary cross-actions or counterclaims.

Rosenblum v. Trullinger, D.C., 118 F. Supp. 394, held that the filing of an involuntary answer is not a waiver of the right to remove. Compulsory cross-claims and setoffs should stand on the same level, and are not a waiver of the right to remove.

The authorities uniformly hold that a waiver is an intentional relinquishment of a known right. 56 Am.Jur. 102.

In 56 Am.Jur. 113, the law is stated thusly:

"To constitute a waiver, the right or privilege alleged to have been waived must have been in existence at the time of the alleged waiver."

In order for defendant to waive the right of removal, this right must have first been in existence. There was no right in existence until the order of consolidation had been entered; and the defendant having done nothing after said order of consolidation had been entered, there was no waiver.

■ Plaintiff's third contention urged in its motion to remand that the order of consolidation did not make the cases removable because it was not the result of a voluntary act or action on the part of plaintiff, but that said order was entered by the State Court over the objection of plaintiff, will now be discussed.

There seems to be little doubt that claims may be aggregated to make up the jurisdictional amount. This is a well-established rule of law. Both the State and the Federal Rules of Civil Procedure permit joinder of actions, and when said joinder establishes the jurisdictional amount necessary for removal to Federal Court, the same may be removed. Pear-

son v. National Society of Public Accountants, 200 F.2d 897.

Plaintiff claims that the order of consolidation by the State Court was in effect depriving it of jurisdiction. This is not so. Concurrent jurisdiction occurred after the order. The petition for removal only constituted a shift in jurisdiction. The language quoted above in Sec. 1446(b), 28 U.S.C.A., appears to be clear. There does not seem to be any qualification of the word "order" in the last paragraph thereof. Nothing in the statute indicates that the "order" therein referred to must be one approved by all parties, nor is there any indication in the statute that removal is necessarily limited to the voluntary acts of a plaintiff. Very often it is necessary that a court require certain procedures to assure that justice is better served. This is not always done with the assent of all parties.

Plaintiff has cited to the Court the case of Great Northern Railway Co. v. Alexander, 246 U.S. 276, 38 S.Ct. 237, 62 L.Ed. 713, as being authority for the proposition that a court order does not render a cause removable. There are several distinctions between that case and the one at bar, not the least of which is the fact that the Great Northern case precedes the passage of Section 1446(b) as it reads today. In that case, the Supreme Court held that a case would not be made removable by evidence of the defendant or by an order of the court upon any issue tried upon the merits. The order of consolidation in our cases was not on any point on the merits of the same. For this Court to permit a remand on the basis that the consolidation order making the causes removable was granted over plaintiff's objection, would defeat the purpose of the statute and would thwart the right of a trial in a federal court when the jurisdictional amount permits. To grant the motion to remand would present an avenue of evasion by permitting a party to file a series of lawsuits below the jurisdictional amount, and upon a subsequent order of consolidation retain the cases in the State Court regardless of the amount. This

Court does not believe it is within the spirit of the statute to permit this obvious loophole.

When an order is entered by a State Court, prior to a trial of the cause on its merits, which for the first time makes the case removable to federal jurisdiction under Sec. 1446(b), 28 U.S.C.A., the same may be removed, regardless of what actions have been taken prior thereto.

Since the petition for removal was timely filed, no action on the part of the defendant constituted a waiver of its right to remove, and the State Court order of consolidation was one contemplated under Sec. 1446(b), 28 U.S.C.A.

Plaintiff's motion to remand is hereby denied.

■ The Court will now discuss defendant's motion to transfer to the Pecos Division of the United States District Court for the Western District of Texas.

The statute here involved is Sec. 1404 (a), Tit. 28, U.S.C.A., which reads as follows:

"Sec. 1404. Change of venue

"(a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The plaintiff in this case for all practical purposes is Nelson Parkhill, doing business as Parkhill Produce Company. He resides and has his place of business in Hidalgo County, Texas, which is within the Brownsville Division of the United States District Court for the Southern District of Texas; and the suits filed in Nueces County could have been filed in Hidalgo County, Texas, and been removed to the Brownsville Division of the United States District Court for the Southern District of Texas, instead of to the Corpus Christi Division as they now are.

Defendant, Pecos Valley Southern Railway Company, has its main place of business in Pecos, Texas. There is no question that the shipments giving rise to the claims for damages involved in these causes of action originated in Pecos, Texas.

It is true that plaintiff's choice of forum should be respected unless it can be shown to be burdensome and inconvenient. It is apparent that the only reason these cases were filed in Nueces County, Texas, originally, and are now in the Corpus Christi Division of the Southern District of Texas, was for the convenience of the plaintiff's attorneys. By the affidavits before me in support of and in contravention of the motion to transfer, the Court finds that it would be for the convenience of the parties and witnesses, and in the interest of justice, to transfer these causes to the Pecos Division of the United States District Court for the Western District of Texas, and it is so ordered.

The Clerk will notify counsel to prepare orders in accordance with this opinion.