**KURT ORBAN COMPANY, to its own use and to the use of Pennsylvania Insurance Company**

v.

**UNIVERSAL SHIPPING CORPORATION and Jones Motor Company, Inc.**

**KURT ORBAN COMPANY, to its own use and to the use of Pennsylvania Insurance Company**

v.

**UNIVERSAL SHIPPING CORPORATION and Daniels Motor Freight, Inc. and Eazor Express, Incorporated.**

**KURT ORBAN COMPANY, to its own use and to the use of Pennsylvania Insurance Company**

v.

**UNIVERSAL SHIPPING CORPORATION and Daniels Motor Freight, Inc. and Eazor Express, Incorporated.**

Civ. A. Nos. 20338, 20340, 20341.

United States District Court
D. Maryland.
July 8, 1969.

Philip O. Roach, Baltimore, Md., for plaintiff.

David Freishtat, Baltimore, Md., for defendant Universal.

Hillard P. Albert, Pikesville, Md., for defendants Daniels and Eazor.

George Ross Veazey and Donald A. Krach, Baltimore, Md., for defendant Jones Motor Co., Inc.

WATKINS, District Judge.

Each of the above cases was originally filed in the Baltimore City Court on October 7, 1968. Each declaration in the first count alleges that the plaintiff Kurt Orban Company (Kurt) was the owner of goods which were delivered in Antwerp, Belgium, in good order and condition to the defendant Universal Shipping Company (Universal) a common carrier for hire by water, for transportation under identified bills of lading to Baltimore, Maryland in Civil Action numbers 20340 and 20341, and to Newark, New Jersey in Civil Action No. 20338. It was further alleged in each first count that the goods were not delivered to plaintiff in the same good order and condition as received, but were so damaged as to be unusable. Damages were claimed against Universal in the amount of $2,000 in Civil Action No. 20338; $6,000 in Civil Action No. 20340; and $15,000 in Civil Action No. 20341.

Count 2 of the declarations as originally filed alleged the delivery by an agent of plaintiff of apparently [1] *the* same goods "in good order and condition"; in No. 20338 to Jones Motor Company, Incorporated (Jones) for delivery to Torrington, Connecticut; in No. 20340 to Daniels Motor Freight Company (Daniels) and Eazor Express, Incorported (Eazor) for delivery to Cleveland, Ohio; and in No. 20341 to Daniels and Eazor for delivery to Cleveland, Ohio;—and that in each instance the goods were not delivered to the consignee in the same good order and condition as received, but were either not delivered, or were so damaged as to be unusable.

Each Count 2 claimed the same damage as its corresponding Count 1.

In each of the three state court cases Universal filed in October 1968 an identical Motion "to dismiss the plaintiff's cause of action for lack of jurisdiction over the subject matter" alleging as grounds that:

"The matter complained of in the Declaration on its face relates to damage to cargo occurring on the high seas pursuant to Ocean Liner bills of lading issued by the Defendant, Universal Shipping Corporation. As

---

1. The same quantities and general types of goods in the respective first and second counts are identical.

such, the Federal District Courts for the United States have sole and exclusive jurisdiction over the subject matter pursuant to section 1333 of the Federal Rules of Civil Procedure." [2]

General issue pleas and a prayer for a jury trial were filed on behalf of Jones in No. 20338.

A hearing on the motions was held before Judge David Ross of the Supreme Bench of Baltimore City on November 13, 1968, at which it was developed that Universal had intended in its Motion to cite section 1333 of Title 28 of the United States Code instead of "section 1333 of the Federal Rules of Civil Procedure," but that in fact it relied upon section 1337 of Title 28.

On December 30, 1968, Judge Ross filed a memorandum opinion denying the Motions. As he pointed out, assuming that "the cause of action [in the first count] in each case arises under the Carriage of Goods by Sea Act and thus the United States District Courts have 'original jurisdiction' under section 1337 * * * 'original' does not mean exclusive * * *" In support thereof, Judge Ross referred to the use of the word "original" in sections 1331 and 1332 of Title 28, "both of which involve classes of cases over which state courts clearly have concurrent jurisdiction with the federal courts. * * *" [3] He also pointed out that where Congress intended that the jurisdiction of the United States District Courts should not merely be "original" but exclusive, Congress coupled the word "exclusive", as in section 1333.[4]

On January 15, 1969, Universal filed removal petitions in each of the cases,

each referring to the proceedings before Judge Ross and his decision on December 30, 1968; and each stating that:

"Therefore, the time has not elapsed within which Universal is allowed to file this petition for removal of action to this Court."

The petitions each recite the filing of "a good and sufficient bond, conditioned as the law directs. * * * *" [5]

On January 16, 1968, the plaintiff filed Motions in each of the cases that the Petition for Removal "be denied on the ground that it appears from the petition of the defendant that said petition was not filed within thirty days after service of summons upon the defendant."

On February 3, 1969 Jones filed a motion to remand in No. 20338 [6] on the grounds that the petition for removal was not timely filed; and that the suit was on a joint cause of action, to remove which all defendants must join; and Jones did not join in the petition for removal. On March 15, 1969 relatively similar motions to remand were filed by Daniels and Eazor in No. 20340 and in No. 20341.

The motions to remand were briefed and argued, and post-argument briefs were filed. For the reasons shortly to be given, the motions to remand will be granted.

Applicable Statutory Provisions.

Section 1441 of Title 28 of the United States Code reads as follows:

"Section 1441. Actions removable generally

"(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of

2. Note that the damages claimed in Count 2 in each case were not "to cargo occurring on the high seas pursuant to Ocean Liner bills of lading issued by the defendant, Universal Shipping Corporation."

3. If "involve" means merely "include some", the statement would perhaps be more accurate.

4. And section 1334; section 1338(a) as to patent and copyright cases; sections 1346(2) (b); 1351; 1355; and 1356.

5. As will shortly be discussed, the bond is not a "good and sufficient" one.

6. Originally inadvertently filed in No. 20341, but transferred by agreement and order of court on March 24, 1969 to No. 20338.

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

"(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

"(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction."

The applicable provisions of section 1446 of Title 28 read as follows:

"Section 1446. Procedure for removal.

"(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a verified petition containing a short and plain statement of the facts which entitle him or them to removal together with a copy of all process, pleadings and orders served upon him or them in such action.

"(b) The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court, and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

\* \* \* \* \* \*

"(d) Each petition for removal of a civil action or proceeding, except a petition in behalf of the United States, shall be accompanied by a bond with good and sufficient surety conditioned that the defendant or defendants will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed."

### Discussion.

1. The "removal" bond.

In each of the cases the bond is captioned "Cost Bond on Appeal."

The recital (using No. 20338 as the example) is:

"WHEREAS, lately at a District Court of the United States for the District of Maryland, in a suit depending in said Court, between Universal Shipping Corporation vs. Kurt Orban Company to its own use and to use of Pennsylvania Insurance Company and Daniels Motor Freight and Eazor Express, Incorporated, a decision was rendered against the

said Universal Shipping Corporation and the said Universal Shipping Corporation having filed an appeal in the Clerk's office of the said court to reverse the decree in the aforesaid suit."

■ The bonds in question are not removal bonds.

(a) Each is entitled a "Cost Bond on Appeal."

(b) Each recites the pendency in this court of a suit in which

(i) Universal is the plaintiff

(ii) Kurt is being *sued:*
to its (Kurt's own use) [7]
to the use of Pennsylvania Insurance Company [8], and
to the use of Jones (No. 20340) [9] and
to the use of Daniels and Eazor (No. 20338 and No. 20341) [10]

(c) Each recites a decision against Universal, and

(d) An appeal by Universal.

Universal argues that the requirement of section 1446(d) of Title 28 that a petition for removal "shall be accompanied by a bond with good and sufficient surety conditioned that the defendant * * * will pay all costs and disbursements incurred by reason of the removal proceedings should it be determined that the case was not removable or was improperly removed" does not apply in the case of a "modal or formal irregularity," citing Nelson v. Peter Kiewitt Sons, Inc., D.N.J. 1955, 130 F.Supp. 59 as one involving a "similar irregularity." That case did hold that mere details in the steps for removal, not affecting the substantial rights of the parties, were "subject to waiver [not here applicable] or are curable." [11] The specific holding in the case was that lack of the filing of a timely removal bond was fatal, unless waived.

■ However, the removal statutes are to be strictly construed. Proteus Foods & Industries, Inc. v. Nippon Reizo Kabushiki Kaisha, D.C.N.Y. 1967, 279 F.Supp. 876, 877 (and cases cited); holding that a certified check, entitled "Bond of Removal" and accepted by the clerk "In Lieu of Bond for Costs of Removal" was not sufficient.

The bonds in question were not removal bonds.

2. Joinder of Causes of Action—Removability.

It is conceded that the second cause of action against Jones claiming damages in the amount of $2000.00 was not removable either by Jones or Universal as it falls within the express provisions of U.S.C. Title 28, section 1445(b), that:

"A civil action in any State court against a common carrier * * * to recover damages for delay, loss, or injury of shipments, arising under section 20 of Title 49, may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000, exclusive of interest and costs."

Jones also argues, along with Daniels and Eazor, that each of the cases in-

7. Suing to your own use and that of others is of course not unusual. To be sued to your own use is (mildly) quite *remarkable.*

8. Pennsylvania Insurance Company is named as a use *plaintiff in the* state court litigation, but not further identified.

9. Jones is a defendant in the state court case removed as *No. 20338.*

10. Daniels and Eazor are defendants in the State court cases removed as No. 20340 and No. 20341.
Under any ordinary construction of the words, Jones, Daniels and Eazor are all adversaries of Kurt. How one defendant, Universal, could have sued the plaintiff to the plaintiff's own use, the use of three defendants and the use of (apparently) the plaintiff's insurance carrier, is unexplained and inexplicable.

11. See also Tucker v. Kerner, 7 Cir. 1950, 186 F.2d 79, where the court held that where the petition was not accompanied by a bond, but where the bond was filed within the required time, it was effective, the court pointing out that another petition "accompanied" by the bond, could have been filed with the bond.

volves joint actions against all defendants in each respective case, and that therefore the removal must be joined in by all defendants in each case, citing section 1441(a) of Title 28.

 However, the causes of action as alleged do not set forth a joint liability. Each alleges a contract with Universal for the carriage of goods by sea under identified bills of lading, the delivery of the goods to Universal in good condition, and the non-delivery in the same condition. The second count in each case alleges the delivery by plaintiff of apparently the same goods (see footnote 1), miraculously restored to good condition, to other carriers, under different contracts, for land transportation, and non-delivery in the same condition. The liability alleged is not joint but several, and a verdict against Universal would probably require a directed verdict in favor of the other defendants in each case; and vice versa.

Accordingly, count 2 in each of the cases should be remanded to the State court.

3. Timeliness of Removal Petition.

Plaintiff and each of the defendants other than Universal, has moved for a remand on the ground the petitions were not filed by Universal within thirty days after service of summons upon Universal. Universal admits that its petitions for removal were not filed within thirty days after service of summons, but relies upon the provisions of the second paragraph of section 1446(b) of Title 28, permitting filing of a removal petition within thirty days after receipt by a defendant "of a copy of an amended pleading, motion, order or other paper from which it may *first be ascertained* that the case is one which is or has become removable" (emphasis supplied) in a case in which "the case stated by the initial pleading is not removable * * *", Universal "suggests" in its Memorandum filed in each of the cases

that by filing its Motions questioning the jurisdiction of the State courts "the declaration lost its removable status[12] and did not regain this status until Judge Ross rendered his opinion in which he notes that the matter was a proper subject for the State Court jurisdiction and hence, indirectly that Universal Shipping Corporation was a proper party defendant. In effect, the filing of the Motion by the Petitioner tolled the time limitation during which the removal petition had to be filed."

 This *is a flat recognition that* "the case stated by the original pleading is * * * removable" and hence not within the exception of the second paragraph of section 1446(b). The suits attempted to be removed are verbatim the declarations as originally filed. Section 1446 deals with cases not originally removable, but which become so by some subsequent act whereby it "may first be ascertained that the case is one which is or has become removable." Neither that section, nor any other, provides for tolling the time for filing a petition to remove a case initially removable.

Universal's only citation of authority is Parkhill Produce Company v. Pecos Valley Southern Railway Company, D.C. Tex.1961, 196 F.Supp. 404. In that case four declarations had been filed in the State Courts of Texas against the same defendant, none of which involved the jurisdictional amount necessary for removal. After answering in each case, and after certain discovery proceedings, defendant moved to consolidate certain counts. A consolidation order was passed more than thirty days after the suits had been filed, and when consolidated aggregated more than the removal amount. Defendant removed to the Federal District Court and plaintiff moved to remand. The motion was denied, the District Court holding that the removal period began to run when defendant received the order of consolidation; that aggregation of claims to make up the ju-

---

12. To lose its removable status, the case must have had such a status to lose.

risdictional amount was proper;[13] and that it was immaterial that the order in question was not the voluntary act of the plaintiff, but was entered over its objection; the Court apparently feeling that the 1949 amendment of section 1446(b) changed the previously established rule that the change in pleadings (other than in cases of fraudulent joinder) must result from the voluntary act of the plaintiff, in order to make removable the previously unremovable case (196 F.Supp. at 406). However, the Fifth Circuit in Weems v. Louis Dreyfus Corporation, 5 Cir. 1967, 380 F.2d 545, expressly disapproved the holding in Parkhill (380 F.2d 548, fn. 6) and held that "the voluntary-involuntary rule survived the 1949 amendment." (380 F.2d 549). This "voluntary-involuntary rule", founded on Powers v. Chesapeake & Ohio R. Co., 1898, 169 U.S. 92, 18 S. Ct. 264, 42 L.Ed. 673, and Whitcomb v. Smithson, 1900, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 is thoroughly discussed in Weems (380 F.2d 547–548), concluding (380 F.2d 547) that "an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff * * *." To the same effect see Potter v. Carvel Stores of New York, Inc., D.Md. 1962, 203 F.Supp. 462, 467, holding that:

> "The authorities are uniform that * * * the 'amended pleading, motion, order or other paper' must emanate from either the voluntary act of the plaintiff in the state court, or other acts or events not the product of the removing defendant's activity * * *."[14]

In these cases the complaints were not amended or changed in any particular by anyone—plaintiff, defendants, or the State court judge.

The motions to remand are granted, and the Clerk is hereby directed forthwith to remand these cases to the Baltimore City Court.

13. But see Snyder v. Harris, 1969, 394 U.S. 332, 89 S.Ct. 1053, 22 L.Ed.2d 319.

14. Affirmed, 4 Cir. 1963, 314 F.2d 45, per curiam, without reference to this point.