**Luther WEEMS, Appellant,**

v.

**LOUIS DREYFUS CORPORATION, Appellee.**

No. 23580.

United States Court of Appeals Fifth Circuit.

June 22, 1967.

E. S. Nelson, Bryan & Gordon, Pascagoula, Miss., for appellant.

George E. Morse, Gulfport, Miss., Raymond L. Brown, Pascagoula, Miss., Morse & Morse, Gulfport, Miss., and Colmer, Megehee, Colmer & Brown, Pascagoula, Miss., for appellee.

Before HUTCHESON and RIVES, Circuit Judges, and CONNALLY, District Judge.

HUTCHESON, Circuit Judge:

This appeal presents the narrow question whether an action instituted in a state court against a resident defendant and a nonresident defendant, nonremovable to a federal court when commenced due to the lack of diversity of citizenship, thereafter may be removed when the resident [1] defendant is dismissed by means of a directed verdict. The district court granted a petition for removal under these circumstances. We reverse.

The general removal statute [2] authorizes removal by a nonresident defendant in any civil action brought in a state court where the federal district court

---

1. While we recognize that residency is not the equivalent of citizenship, defendants hereinafter frequently will be denominated either as "resident" or "nonresident".

2. 28 U.S.C. Sec. 1441 provides:
   "(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

   (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action *shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*" (emphasis added).

   Section (c) provides for removal where there is a separate and independent claim or cause of action.

would have had original jurisdiction due to diversity of citizenship. This means that a nonresident defendant generally cannot remove a case in which a resident defendant also is properly joined, thus defeating complete [3] diversity of citizenship. However, if after the suit is commenced the resident defendant is eliminated from the case, leaving only a nonresident as defendant, the question arises whether at that point the case is removable.

Until 1949 no statutory provision dealt with the question of removal after commencement of a suit. The case law developed the rule, relatively simple to apply, "that if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's acting against the wish of the plaintiff, the case could not be removed." Note, The Effect of Section 1446(b) on the Nonresident's Right to Remove, 115 U.Pa.L.Rev. 264, 267 (1966). Although the rule has often been criticized for failing to explicate an underlying rationale,[4] it nevertheless has merit in that it prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts. This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts. On the other hand, that danger does not arise where a plaintiff voluntarily drops a

resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final. If this judicially fashioned rule still is the law, it clearly will require us to hold that the directed verdict in favor of the resident defendant, and against the plaintiff, did not render the case removable. It is contended, however, that the rule did not survive an amendment to the Judicial Code in 1949.

This appeal is the culmination of the following events. Luther Weems, a citizen of Mississippi, filed a suit for personal injuries in a Mississippi state trial court on October 7, 1965. The two defendants named were Dreyfus Corporation and one of its employees, Ben Stone. Dreyfus is a citizen of New York doing business in Mississippi.[5] Stone is a citizen of Mississippi. Apparently Weems was injured by a machine operated by Stone. Because of the presence of the resident defendant, properly joined and served, the case as stated by the pleadings was nonremovable.

At the trial, the plaintiff presented his evidence and rested. Although Stone was absent on account of illness, his counsel moved for a directed verdict on the ground that plaintiff's evidence was insufficient to support the claim against Stone. Both defendants rested without having put on any testimony or evidence. The district court granted a directed verdict for Stone, and Dreyfus immediately announced that it had filed a petition for removal in the United States District Court for the Southern District of Mississippi. Over an assertion by Dreyfus that the state court was without jurisdiction

3. The diversity of citizenship between all plaintiffs and all defendants must be complete. "If there are several parties on one or both sides, there is no federal diversity jurisdiction if one of the parties on either side is a citizen of a state of which a party on the other side is also a citizen." 1 Barron & Holtzoff, Federal Practice and Procedure Sec. 26, at 145 (1960 ed.).

4. Note, Federal Practice: Removal After Resident Defendant Is Involuntarily Dismissed, 17 Okla.L.Rev. 336 (1964); Note,

Removal of Suits to Federal Courts After the Statutory Deadline: An Old Formula Re-Examined, 60 Harv.L.Rev. 959 (1947).

5. New York is Dreyfus' place of incorporation and also its principal place of business. For both of these reasons, Dreyfus is a citizen of New York for purposes of removal under 28 U.S.C. Sec. 1441. See 28 U.S.C. Sec. 1332(c), as amended by Act of July 25, 1958, 72 Stat. 415.

to proceed, the remaining parties were requested by the court to present their arguments to the jury. After the arguments, the jury retired. Before a verdict was returned, Dreyfus served a copy of the removal petition on plaintiff and the clerk of the state court.

The plaintiff filed in the court below a motion to remand to the state court. The motion was overruled pursuant to a decision upholding the petition for removal. Upon motion by Dreyfus, the court below enjoined the plaintiff from taking any further action in the state court. The plaintiff appeals.

The rule that a case nonremovable on the initial pleadings could become removable only pursuant to a voluntary act of the plaintiff originated in two early Supreme Court cases. The first was Powers v. Chesapeake & O. Ry., 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898), where an action for personal injuries was filed in a state court against a nonresident railroad and several of its resident employees. The absence of diversity of citizenship prevented removal on the pleadings. After the time period within which the petition for removal could be filed had elapsed, the plaintiff voluntarily dismissed the resident defendants. The question before the Court was whether a case, nonremovable when commenced and not removed within the time provided, yet could become removable. The Court held that a nonresident defendant can remove as soon "as the action assumes the shape of a removable case in the court in which it was brought," 169 U.S. at 101, 18 S.Ct. at 267, and concluded that the case had become removable for the first time when the plaintiff discontinued his action against the individual resident defendants.

Although the court in *Powers* did not emphasize that the resident defendant's dismissal resulted from an act voluntary to the plaintiff, that aspect was seized upon in Whitcomb v. Smithson, 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900), and applied to firmly establish the voluntary-involuntary rule. In *Whitcomb,*

the elimination from the case of the resident defendant was accomplished not by the plaintiff's voluntary act but rather by a directed verdict. The Court held that since the resident defendant was eliminated from the case without the plaintiff's consent, the case did not become removable. Accord, Kansas City Suburban Belt Ry. Co. v. Herman, 187 U.S. 63, 23 S.Ct. 24, 47 L.Ed. 76 (1902). Later cases agreed that the crucial point on which Powers had turned was the voluntariness of the plaintiff's act, and the rule that an action nonremovable when commenced may become removable thereafter only by the voluntary act of the plaintiff was solidified. See Great No. Ry. Co. v. Alexander, 246 U.S. 276, 281, 38 S.Ct. 237, 62 L.Ed. 713 (1918); American Car & Foundry Co. v. Kettelhake, 236 U.S. 311, 316, 35 S.Ct. 355, 59 L.Ed. 594 (1915).

The rule was applied with consistent results until 1949 when 28 U.S.C. Sec. 1446(b) was amended so that for the first time a statutory provision provided for removal of cases which were not removable on the initial pleading. The amendment reads:

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

The effect of this amendment has been variously interpreted.

Dreyfus would have us hold that the amendment wrought a drastic change in the law. Dreyfus argues that the amendment's reference to an order from which it first is ascertainable that the case is removable should be read to include an order of a directed verdict because, as the court below has held on another occasion, "[t]here is nothing in this statute from which it can be properly inferred that Congress intended that removal could be effected only in the event that the plaintiff voluntarily did

something which removed the local defendant from the case." [6] Lyon v. Illinois Central R. R., 228 F.Supp. 810, 811 (S.D.Miss.1964). This argument, of course, assumes that Congress intended to abolish the voluntary-involuntary rule.

We are of the firm conviction, however, that the view expressed in Lyon and applied by the court below in this case is clearly wrong for two reasons: first, it fails to take account of legislative history which we believe is highly significant to the determination of the extent which the amendment changed the existing law; and second, it fails to read the amendment in light of the previously developed case law.

The legislative history is contained in an explanatory note of the House Report:

"The second paragraph of the amendment to subsection (b) is intended to make clear that the right of removal may be exercised at a later stage of the case if the initial pleading does not state a removable case but its removability is subsequently disclosed. *This is declaratory of the existing rule laid down by the decisions.* (See for example, Powers v. Chesapeake etc., Ry. Co., 169 U.S. 92 [, 18 S.Ct. 264, 42 L.Ed. 673].)"

2 U.S.Code Cong.Serv. p. 1268, 81 Cong., 1st Sess. (1949). In light of this language, we must reject the Lyon reasoning, upon which the judgment under consideration depends, that the amendment did bring about a change in the existing case law. At least one other court has emphasized the legislative history to reach the same result we reach Squibb-Mathieson Int'l. Corp. v. St. Paul Mercury Ins. Co., 238 F.Supp. 598 (S.D.N.Y. 1965).[7]

Reading the amendment and its legislative history together, the intended effect of the amendment apparently is to affirm the general principle decided in *Powers,* namely, that a case nonremovable when commenced can later become removable. Pursuant to that principle, the amendment provides a uniform thirty-day time limit within which the petition for removal must be filed after the nonresident is notified that the case is removable. However, the issue of what kind of an order makes the case removable, traditionally resolved by the voluntary-involuntary rule, does not seem to have been dealt with. See Waldron v. Skelly Oil Co., 101 F.Supp. 425, 426 (E.D.Mo.1951). Hence, it would seem that the voluntary-involuntary rule was not affected by the amendment, and therefore remains part of today's applicable case law. See Stamm v. American Tel. & Tel. Co., 129 F.Supp. 719 (W.D. Mo.1955); 1A Moore's Federal Practice 1243–45 (1965 ed.). See also Putterman v. Daveler, 169 F.Supp. 125, 129–130 (D.Del.1958). [8]

The manner in which the resident defendant was dismissed in the instant case, by a directed verdict, is the classic situation where removal long has been denied for good reason. The dismissal, wholly involuntary to the plaintiff, is not final in the sense that it is appealable in the state courts.

---

6. Accord, Parkhill Produce Co. v. Pecos Valley So. R.R. Co., 196 F.Supp. 404, 406 (S.D.Tex.1961). See also Bradley v. Halliburton Oil Well Cementing Co., 100 F.Supp. 913, 917 (E.D.Okla.1951).

7. After considering, but not deciding, the effect of the amendment, some courts have denied removal by giving preference to state court jurisdiction. See Viles v. Sharp., 248 F.Supp. 1019 (W.D.Mo.1965). See also Robinson v. LaChance, 209 F. Supp. 845 (E.D.N.C.1962). Other courts have continued to apply the voluntary-involuntary rule without relying upon the legislative history. See Strandholm v. General Constr. Co., 222 F.Supp. 12 (D.Ore.1963); Stone v. Foster, 163 F. Supp. 298 (W.D.Ark.1958); Cudney v. Mid-Continent Airlines, Inc., 98 F.Supp. 403 (E.D.Mo.1951).

8. For a discussion of the possibility that the amendment codified instead the voluntary-involuntary rule, see Note, The Effect of Section 1446(b) on the Nonresident's Right to Remove, supra at 274–275.

We hold that the voluntary-involuntary rule survived the 1949 amendment and that its application to the facts of this case requires that removal be denied. Consequently, the judgment of the district court is reversed.