**CONTINENTAL OIL COMPANY**

v.

**PPG INDUSTRIES, INC., et al.**

**Civ. A. No. 73–H–258.**

United States District Court,
S. D. Texas,
Houston Division.

March 22, 1973.

John C. Snodgrass, Harry M. Reasoner, Vinson, Elkins, Searls, Connally & Smith, Houston, Tex., for plaintiff.

Raymond A. Cook, Andrews, Kurth, Campbell & Jones, Houston, Tex., for defendants.

*Memorandum and Order:*

SINGLETON, District Judge.

Plaintiff is Continental Oil Company who contracted with the various defendants to supply them with natural gas. On May 10, 1972, plaintiff filed suit in state court seeking to avoid having to deliver the full amount of gas called for in the contract to defendants and to allocate the gas available between the defendants. Originally, there were only two defendants, PPG Industries, Inc., and Olin Corporation. On June 17, 1972, PPG filed a petition for removal based upon diversity jurisdiction, and the suit was removed from state court to this court's docket. This court on June 20, 1972, remanded this case back to state court on the theory that there is not complete diversity and that therefore the case was not removable under 28 U.S.C.A. § 1441.

Back in state court defendant Olin moved the state court for severance, and on January 2, 1973, the state court announced its decision to grant Olin's motion for severance. This order, however, on January 9, 1973, was stayed pending plaintiff's efforts to obtain a writ of mandamus from the Supreme Court of Texas against the severance. The order provided that the stay of severance "shall terminate upon the Supreme Court refusing plaintiff Continental Oil Company's application or motion for

leave to file in the Supreme Court of Texas a petition for a writ of mandamus." The plaintiff on January 2, the same day in which the state court granted defendant's motion for severance, filed its first amended original petition adding as new defendants Firestone Tire & Rubber Co., Wanda Petroleum, Inc. (later named as defendant Dow Chemical Company), and Big Three Industries, Inc. On February 14, 1973, the Supreme Court entered its order overruling Conoco's motion for leave to file a petition for writ of mandamus and therefore Olin's motion for severance was automatically granted. In the meanwhile, however, after the district court's stay but before the Supreme Court's order which terminated the stay, defendant PPG filed its second petition for removal, on January 31, 1973. On the following day, Judge Carl O. Bue, Jr., entered an order of remand remanding the action again to state court on the grounds that the attempt at removal was premature because of the 157th Judicial District Court's stay of the effectiveness of its order of severance during the pendency of Continental Oil Company's petition for writ of mandamus to vacate the order of severance.

Defendant PPG, however, filed a third petition for removal alleging diversity as its jurisdictional basis which again fell on this court's docket. Plaintiff again filed a motion to remand which this court is compelled to grant.

After so many trips back and forth from state to federal court, both plaintiff and defendant have filed extensive briefs on the subject of remand and removal. 28 U.S.C. 1441 has two major limitations on removal. Section 1441(a) provides that cases can be removed only if the United States District Court would have original jurisdiction. In other words, for the purposes of this suit, there must be complete diversity. Section 1441(b) provides that in diversity cases actions shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen in a state in which such action is brought. In other words, a resident defendant may not remove. Defendant therefore has significant problems in trying to remove this action to federal court. First, as long as Olin is joined as a party to the state court proceeding there is no complete diversity. As far as the three newly-added defendants are concerned, Dow and Conoco are both incorporated in Delaware and the defendant Big Three is a citizen of Texas, and, therefore, there is both no complete diversity and a resident defendant.

Defendant argues that since Olin has been severed in state court it is no longer a defendant and, therefore, this court should ignore it for removal purposes. This question brings us to the murky limits of a voluntary-involuntary rule followed by the Fifth Circuit in Weems v. Louis Dreyfus Corp., 380 F.2d 545 (5th Cir. 1967). In that case, Judge Hutcheson held that 28 U.S.C. § 1446(b) which reads as follows:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

"If the case stated by the initial pleading is not removable, a petition for removal may be filed within twenty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."

did not change the former law that the dismissal of a defendant could change an otherwise nonremovable case to a removable one only if the dismissal of the de-

fendant was voluntary rather than an involuntary dismissal that might be overturned on appeal to a higher state court. In *Weems* the Fifth Circuit held that a directed verdict against one of the defendants could not make an otherwise nonremovable case removable. Defendant argues that our case can be distinguished from *Weems* because in *Weems* the directed verdict could be overturned on appeal whereas in our case, the state court's severance in effect had already been appealed because the Supreme Court denied the application for writ of mandamus to overturn the severance. This is a close question of law but this court feels that the Texas Supreme Court's denial of application for writ of mandamus is not tantamount to an adjudication of the motion for severance on appeal, and, therefore, the severance is analogous to an involuntary dismissal and comes within the *Weems* doctrine.

■■ Even if this court held, however, that the severance was analogous to a voluntary dismissal, and, therefore, this court could ignore Olin for purposes of deciding whether the removal was proper, this court would still be compelled to remand because of the three new defendants. It is undisputed that if this court looks at the citizenship of the three defendants, removal is improper because there is not complete diversity and because there is a resident defendant. Defendant argues, however, that because of the timing of the addition of the new defendants, it is obvious that the defendants were added to the case solely to defeat removal and that, therefore, there was a fraudulent joinder of parties, and this court can ignore the three defendants for removal purposes. Defendants strike out again. The test is not whether the defendants were added to defeat removal but whether there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved on the defendants. Bobby Jones Garden Apartments, Inc. v. Suleski, 391 F.2d 172 (5th Cir. 1968). As the Fifth Circuit said in

Parks v. New York Times Company, 308 F.2d 474 at 478 (5th Cir. 1962), "There can be no fraudulent joinder unless it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law . . . One or the other, at least, would be required before it could be said that there was no real intention to get a joint judgment and that there was no colorable ground for so claiming." Regardless of plaintiff's motive in joining the new defendants, they are part of the gas contracts entered into between plaintiff and defendants and it cannot be said that there is no possibility that liability might be imposed upon them. Therefore, the parties were not fraudulently joined for purposes of removal.

■ Defendant, however, contends that even if Olin and the three new defendants are in the case for purposes of removal, removal is still proper. Defendant bases this argument on 28 U.S.C. 1441(c) which reads as follows: "Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of actions, the entire case may be removed and district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction." The landmark case construing what is a separate and independent cause of action is the Supreme Court case of American Fire & Casualty Company v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702. In that case, the Supreme Court construed separate and independent claim in the following manner: "Where there is a single wrong to plaintiff for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c)." 341 U.S. at 14, 71 S.Ct. at 540. This restricted test has led one commentator to say, "Few if any diversity cases can properly be removed under this statute in the light of the construction placed on it in the *Finn* case."

C. A. Wright, Law of Federal Courts, Section 39, page 138. Defendant PPG goes into the merits of the state case in an attempt to show that plaintiff's cause of action versus PPG is separate and distinct from plaintiff's action against the other gas purchasers. This attempt avails defendant PPG for naught. It is not a federal court's function to go into the merits of the state court controversy, and from the pleadings this court holds that in light of the Supreme Court test the claim of plaintiff against one defendant gas-purchaser, PPG, is not separate and independent from its claims against the other gas-purchaser defendants. Since defendant PPG cannot use § 1441(c) as a basis for removal and since there are defendants in the case which prohibits it from using § 1441(a) or § 1441(b), this case must be remanded to state court for lack of jurisdiction. Since this court remands back to state court, defendant's motion for transfer is moot.