Gilbert G. HALE, Jr.

v.

TATA CORPORATION, Tata Chemicals Limited & Oceans International Corp.

Civ. A. No. H–80–1807.

United States District Court,
S. D. Texas,
Houston Division.

Dec. 4, 1980.

Newton B. Schwartz, Houston, Tex., for plaintiff.

Royston, Rayzor, Vickery & Williams, Decatur J. Holcombe and Robert Julian, Houston, Tex., for defendants.

STERLING, District Judge.

### MEMORANDUM AND ORDER:

Pending before the Court are Plaintiff's motion to remand, Defendant Oceans International Corp.'s motion for summary judgment, and the motion of all Defendants for leave to file an amended petition for removal.

This matter came on for a hearing before the Court on October 21, 1980, following which the Court gave Plaintiff time to respond to Defendants' motion for leave to file an amended petition for removal. Based on the evidence adduced at the hearing and the briefs of the parties, the Court concludes that Plaintiff's motion to remand must be DENIED and the motion for summary judgment and for leave to file an amended petition for removal must be GRANTED.

This action was removed to this Court by Defendants Tata Corp. and Tata Chemicals, Ltd., corporations organized under the laws of the Republic of India. Plaintiff argues that removal was improper because his cause of action is based on the Jones Act, 46 U.S.C. § 688, under which injured seamen have an absolute choice of forum, *Preston v. Grant Advertising, Inc.*, 375 F.2d 439, 440

(5th Cir. 1967), because Defendant Oceans International Corp. is a Texas Corporation and thus diversity is not complete, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806), and because Defendant Oceans International Corp. did not join in the petition for removal. *Friedrich v. Whitaker Corp.*, 467 F.Supp. 1012, 1013 (S.D. Tex.1979). The Tata Defendants contend that Plaintiff's Jones Act allegation and claim against Oceans International Corp. have been fraudulently made for the purpose of defeating federal jurisdiction. Defendant Oceans International Corp. claims that it could not join in the petition for removal because to do so would be to admit that Plaintiff may have a cause of action against it, contrary to Oceans International Corp.'s contention that it is liable to Plaintiff only as his employer under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 905(a).

■ The burden is on the party seeking to defeat a motion to remand to show by clear and convincing evidence that a plaintiff is fraudulently attempting to defeat federal jurisdiction, *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), but a plaintiff's motive in moving for a remand is immaterial. *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 190, 52 S.Ct. 84, 87, 76 L.Ed. 233 (1931); *Parks v. New York Times Co., supra* at 477; *Carillo v. Lone Star Pictures International, Inc.*, No. L–80–21 (S.D.Tex. Sept. 16, 1980). The inquiry is whether "it be clear that there can be no recovery under the law of the state on the cause alleged, or on the facts in view of the law." *Parks v. New York Times Co., supra* at 478; *Continental Oil Co. v. PPG Industries, Inc.*, 355 F.Supp. 1183, 1186 (S.D.Tex.1973). In making this inquiry, the Court may look beyond the allegations of the complaint filed in state court to the facts underlying those allegations. *Wilson v. Republic Iron Co.*, 257 U.S. 92, 98, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921); *Keating v. Shell Chemical Co.*, 610 F.2d 328, 331 (5th Cir. 1980); *Smoot v. Chicago, Rock Island and Pacific Railroad Co.*, 378 F.2d 879, 881–82 (10th Cir. 1967). The Court is mindful of the Fifth Circuit's admonition that a review of the facts underlying the complaint should not be so broad as to constitute "pre–trying" the case, *Keating v. Shell Chemical Co., supra* at 331–32, but the Court is of the opinion that, as with other jurisdictional questions, the Court must decide all issues of fact raised by a motion to remand. *Kerbow v. Kerbow*, 421 F.Supp. 1253, 1258 (N.D.Tex.1976).

■ The question raised by Plaintiff's motion to remand is whether Plaintiff was employed as a seaman under the Jones Act at the time of his injury. According to the complaint and Plaintiff's briefs, Plaintiff was a steamship agent employed by Oceans International Corp. His duties were to place the ship's register, load line, oil pollution certificates and other papers aboard vessels preparing to depart the Port of Galveston for which his employer was acting as ship's agent. On June 17, 1980, Plaintiff was boarding the VEER VARUNA, a vessel owned by the Tata Defendants, when the gangway allegedly collapsed. At the hearing, Plaintiff's counsel stated that he did not anticipate expanding the factual allegations regarding Plaintiff's duties at the time of his injury, and counsel has not added any new facts in his briefs. Plaintiff contends that at the time of his injury he was effectively "on loan" from his employer to the ship's master, and that as a servant of the master of the vessel he was obligated to comply with the directions of the master and thus became a "seaman". The Court is persuaded that under the law in this circuit there is no theory under which this Plaintiff could be a Jones Act seaman.

■ Seaman status is ordinarily a question for the trier of fact, but a court may conclude that there is no reasonable evidentiary basis to support a fact finding that an injured employee is a Jones Act seaman. *Guidry v. South Louisiana Contractors, Inc.*, 614 F.2d 447, 454 (5th Cir. 1980); *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342, 1345 (5th Cir. 1980); *Landry v. Amoco Production Co.*, 595 F.2d 1070, 1074 (5th Cir. 1979). In determining whether there is a reasonable evidentiary basis for

submitting the issue of seaman status to the trier of fact, the factors to be considered are: (1) whether there is evidence that the injured employee was assigned permanently to a vessel or performed a substantial part of his work on a vessel; and (2) whether the capacity in which he was employed contributed to the function of the vessel or the accomplishment of its mission, or to the operation or welfare of the vessel in terms of its maintenance during its movement or during anchorage for future trips. *Longmire v. Sea Drilling Corp., supra* at 1346; *Offshore Co. v. Robison*, 266 F.2d 769, 779 (5th Cir. 1959). It is not clear from the record how much of Plaintiff's work was done aboard vessels preparing to depart, but there is no basis to support a conclusion that Plaintiff's work contributed to the physical function of the vessel or to its navigation, operation or welfare. As a matter of law, the Court concludes that a ship's agent, performing duties such as those of Plaintiff, is not a Jones Act seaman.

This conclusion effectively disposes of Oceans International Corp.'s motion for summary judgment. Plaintiff might allege a cause of action for unseaworthiness against his employer only if his employer were also the owner of the vessel. *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 264, 99 S.Ct. 2753, 2758, 61 L.Ed.2d 521 (1979). In the absence of such a showing, the employer's liability must be determined exclusively under the terms of the LHWCA. At the hearing, counsel for Oceans International Corp. stated that it stands ready to compensate Plaintiff under the terms of its insurance if Plaintiff is not a Jones Act seaman. Since Oceans International Corp. is immune from suit under the LHWCA, the absence of diversity and its failure to join in the removal petition do not prevent removal. *See Covington v. Indemnity Insurance Company of North America*, 251 F.2d 930, 934 (5th Cir.), *cert. denied*, 357 U.S. 921, 78 S.Ct. 1362, 2 L.Ed.2d 1365 (1958). It is, therefore,

ORDERED that Plaintiff's motion to remand is DENIED. It is further ORDERED that leave to amend the petition for removal is GRANTED.

It is further ORDERED that Oceans International Corp.'s motion for summary judgment is GRANTED.