Kenneth P. NOLAN,
Administrator, et al.

v.

The BOEING COMPANY, et al.

Civ. A. No. 89–2120.

United States District Court,
E.D. Louisiana.

June 29, 1989.

James Teague Crouse, San Antonio, Tex., Charles Joseph Murray and Stephen Barnett Murray, Murray Law Firm, New Orleans, La., for Kenneth P. Nolan and Vernon T. Judkins.

Howard J. Daigle, Jr., Phelps, Dunbar, Marks, Claverie & Sims, New Orleans, La., for Boeing Co.

McGlinchey, Stafford, Mintz, Cellini & Lang, Kenneth H. Laborde and Victoria K. McHenry, New Orleans, La., for General Elec. Co. and CFM Intern. Inc.

## ORDER AND REASONS

FELDMAN, District Judge.

Before the Court is plaintiffs' Motion to Remand this action to the state court from which it was removed, and defendants' motion for leave to enter a Supplemental Notice of Removal. The Motion to Remand is GRANTED, and the Motion for Leave to File a Supplemental Notice of Removal is DENIED.

These cases involve approximately 126 individuals who were either killed or severely injured in an airplane crash that occurred in England on January 8, 1989. The nominal plaintiffs, Kenneth P. Nolan and Vernon T. Judkins, are appearing as curators, administrators and tutors of these individuals. They have been duly appointed in their representative capacities by the Civil District Court for the Parish of Orleans, State of Louisiana. The cases were originally filed in state court and were removed by the defendant, Boeing Company Inc. The other defendants, General Electric Company, Inc. and CFM International, Inc., have joined in Boeing's Petition For Removal.

## I. REMOVAL

It is academic that cases filed in a state court may be removed to federal court if there exists, on the date of removal, an independent basis for the federal court's jurisdiction over the subject matter at issue. 28 U.S.C. § 1441(a). Historically, an independent basis for subject matter jurisdiction exists where the plaintiffs and the defendants are citizens of different states and the amount in controversy, now, exceeds $50,000. 28 U.S.C. § 1332(a)(1).

■ Of course, for diversity of citizenship to exist there must be complete diversity; that is, every plaintiff must be diverse from every defendant. *See Lavan Petroleum Co. v. Underwriters at Lloyds,* 334 F.Supp. 1069, 1071 (S.D.N.Y.1971) (referring to *Strawbridge v. Curtiss,* 3 Cranch 267, 2 L.Ed. 435 (1806)). The issue the Court faces here is whether such complete diversity exists when victim representatives are appointed to bring suit on behalf of others. The Court must determine whether the citizenship of the representative or of the principal is determinative of diversity of citizenship, which in turn implicates the propriety of removal to this Court.[1]

## II. MOTION TO REMAND

### A. *The Parties*

■ Plaintiffs seek to remand because of the absence of complete diversity of citizenship. The representative plaintiffs, Nolan and Judkins, are citizens of New York and the State of Washington, respectively. GE is a New York company. Boeing is incorporated in Delaware and maintains its principal place of business in the State of Washington. Since a corporation is deemed a citizen of the state of its incorporation or where it maintains its principal place of business under 28 U.S.C. 1332(c), the representative plaintiffs are thus not

---

**1.** The Motion to File a Supplemental Notice of Removal presents a novel procedural question. It is beyond question that removal notices may be amended to correct a flaw. *See Richardson v. United Steelworkers of America,* 864 F.2d 1162, 1164–65 (5th Cir.1989); *Woodlands II on the Creek Homeowners Ass'n, Inc. v. City Savings and Loan Ass'n,* 703 F.Supp. 604, 608 (N.D.Tex. 1989). But that is not the case here. In this case, defendants have already completed removal to this Court. Their proposed motion for leave to file a Supplemental Notice of Removal would, if granted, have the effect of removing a case that has already been removed. Thus, it is the Court's belief that proper analysis requires first addressing the original Motion to Remand. If the Court grants that motion, and only then, the motion to file a Supplemental Notice of Removal becomes relevant as a separate Notice of Removal, having as its basis the recent amendments to 28 U.S.C. § 1332(c)(2), which now equate the citizenship of the representative to the citizenship of the principal.

diverse from the defendants, Boeing and GE.

The issue is whether Nolan and Judkins, in their representative capacities, destroy the removability of these cases. Plaintiffs invoke *Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 52 S.Ct. 84, 76 L.Ed. 233 (1931). Although *Mecom* has been legislatively overruled by the recent amendments to the diversity statute, 28 U.S.C. § 1332(c)(2) (effective May 18, 1989), which make the principal's citizenship the test, *Mecom* was still effective precedent at the time of removal of these cases, and is dispositive unless the Supplemental Notice can save the day for the defendants by using the new test of Section 1332(c)(2) as the measure of removability. In *Mecom* the Supreme Court held that where an administrator, duly appointed by the state court, brought an action for wrongful death, it was the administrator's citizenship that was determinative of federal jurisdiction. *Mecom*, 284 U.S. at 186, 52 S.Ct. at 85. Unless the amendments to Section 1332(c)(2) can be said to dictate a new result, *Mecom* controls (in the absence of fraud, which is not suggested here). In *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir.1962), the Fifth Circuit held that, absent a fraudulent motive, plaintiff has the right to seek to avoid diversity jurisdiction. If the representative's appointment was made in good faith and the parties appointed pursued the suit, their citizenship could not be ignored. *Id.* at 477–78.

### B. The Appointments

■ Defendants challenge the validity of the appointments of Nolan and Judkins in the Louisiana state court. They invite this Court to collaterally review those appointments. The Court declines to do so. Unless fraud is a real component, a state court appointment of a fiduciary representative ought not be collaterally attacked by a federal court. *Mecom*, 284 U.S. at 189, 52 S.Ct. at 87 (appointment was regular, and decree of probate could not be collaterally attacked); *City of Brady v. Finklea*, 400 F.2d 352, 358 (5th Cir.1986) ("it is settled that the decree of a state probate court

naming an administrator cannot be collaterally attacked in federal district court in the absence of fraud." (citing *Mecom* )). Questions about the propriety of the appointments of Nolan and Judkins should be raised in the state court, not here.

Because one must look to the citizenship of Nolan and Judkins, complete diversity is absent, and the Motion to Remand must be granted unless the new statutory changes apply.

### III. THE SUPPLEMENTAL NOTICE OF REMOVAL

■ The basis for the Supplemental Notice is the newly enacted test of citizenship in the diversity statute. The citizenship of a representative party after May 18, 1989 is no longer the focal point. Section 1332(c)(2) now provides:

(c) For the purposes of this section and section 1441 of this title—

\*　　\*　　\*　　\*　　\*　　\*

(2) the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent.

28 U.S.C. § 1332(c)(2) (as amended Nov. 19, 1988, Pub.L. 100–702, Title II, § 202, 102 Stat. 4646).

May defendants avail themselves of this new test, even if their first removal is ill-fated? Apparently, not.

The statute that establishes the procedure for removal is specific as to the nature of the events and the time period during which removal may be perfected although not initially available:

(b) \* \* \*

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order *or other paper* from which it may first be ascertained that the case is one which is or has

become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b) (emphasis added).

Thus, Section 1446(b) seems to contemplate new facts which become of record in some new pleading or paper and which alter the earlier encumbrances to removal; Section 1446(b) does not, by its text, contemplate a change in the law regarding diversity as an event which cures an infirmity to removal.[2]  The Fifth Circuit addressed the issue in *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967).  The standard adopted in *Weems* was that "other paper" within the meaning of Section 1446(b) spoke only of some voluntary act of the plaintiff which changed the removal setting.  *Id.* at 547.  *Weems* is still the law of this Circuit.

Thus, the amendment to the diversity statute does not provide defendants with a new basis for filing a notice of removal, and their Motion for Leave to File a Supplemental Notice of Removal must be DENIED.

Defendants' Motion for Leave to Enter a Supplemental Notice of Removal is DENIED, the plaintiffs' Motion to Remand is GRANTED, and the case is ordered REMANDED.[3]

---

**2.**  It strikes the Court as a strange and superficial result that acts of plaintiffs can affect removal, while Acts of Congress cannot.  However, if such results are to be avoided in the future, it is for Congress, not this Court, to change Section 1446(b).

**3.**  The Court takes notice of an issue that looms large in this case.  While the Court need not reach the question of *forum non conveniens,* the facts of this case are such that it is a prime candidate for the application of that doctrine.  All of the factors necessary for a dismissal on *forum non conveniens* grounds appear to be present, *see Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), and the interests of justice and judicial economy might well be served by invoking the doctrine.  Whether the state court will do so is a matter for that tribunal.