Carolyn CLEVELAND, Administratrix of the Estate of Billy D. CLEVELAND, Deceased Plaintiff

v.

CENTRAL UNITED LIFE INSURANCE COMPANY Defendant

No. CIV.A.3:03CV1326BN.

United States District Court, S.D. Mississippi, Jackson Division.

April 13, 2004.

James W. Nobles, Jr., Jackson, MS, for Carolyn Cleveland, Administratrix of the Estate of Billy D. Cleveland, deceased, plaintiff.

James Wilbourn Vise, Kevin W. Brady, Massey, Higginbotham & Vise, PA, Jackson, MS, for Central United Life Insurance Company, defendant.

## OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Plaintiff's Motion to Remand. Having considered the Motion and Response, as well as supporting and opposing authority, the Court finds that the Motion to Remand is well taken and should be granted.

## I. Background and Procedural History

This breach of contract claim arises out of the denial by Defendant Central United Life Insurance Company (hereinafter "Central United")[1] of a claim for benefits under a Cancer–Dread Disease Medical Expense Policy (hereinafter "the policy"). The policy was issued to Billy D. Cleveland (hereinafter "B. Cleveland"), the now deceased husband of Plaintiff Carolyn Cleveland (hereinafter "C. Cleveland")[2]. The policy was originally underwritten by Commonwealth National Life Insurance Company (hereinafter "Commonwealth National")[3]. However, through a Certifi-

---

1. Central United is incorporated under the laws of a state other than Mississippi, and its principle place of business is in a state other than Mississippi. Therefore, Central United is a non-resident corporation for diversity of citizenship purposes.

2. Plaintiff is an adult resident citizen of the State of Mississippi.

3. Prior to its administrative dissolution by the Mississippi Secretary of State, Commonwealth National was incorporated under the laws of the State of Mississippi. Its principle

cate of Assumption dated December 3, 1997, Central United assumed all of the rights and obligations under the subject policy.

Subsequent to issuance of the policy, B. Cleveland was diagnosed with, and later died of cancer. C. Cleveland alleges that the type of cancer suffered by her husband was covered under the policy. C. Cleveland further alleges that medical expenses related to treatment of B. Cleveland's cancer totaled $372,915.35, and that Central United wrongfully denied coverage for those expenses.

Aggrieved by denial of her claim under the policy, C. Cleveland filed suit against Central United and Commonwealth National in the Circuit Court of the First Judicial District of Hinds County, Mississippi on December 31, 2002. Plaintiff seeks compensatory damages in the amount of $372,915.35. Contending that the claim denial was a *tortious* breach of contract, Plaintiff also seeks an unspecified amount of punitive damages.

Including the subject removal, this case has been removed to this Court on two occasions. The initial Notice of Removal was filed on January 30, 2003. The case was assigned to Judge Tom Lee under cause no. 3:03CV143LS. At that time, Commonwealth National, a resident of Mississippi in the context of diversity of citizenship jurisdiction, was still a Defendant in the case. In the Notice of Removal, Defendant Central United contended that Commonwealth National was fraudulently joined, thus complete diversity of citizenship existed. Upon the filing of Plaintiff's Motion to Remand, Judge Lee rendered an Opinion in which he found that Commonwealth National was not fraudulently joined. Consequently, the case was remanded to state court.

Subsequent to remand of the case, Commonwealth National filed a Motion to Dismiss in state court, for failure to state a claim upon which relief may be granted. The Motion was contested by Plaintiff. The state court agreed with the arguments asserted by Commonwealth National, and an Order dismissing it from this cause was entered on November 13, 2003. With the dismissal of Commonwealth National, Central United again removed the case to this Court on the basis of diversity of citizenship jurisdiction. The validity of the second removal, which was filed on December 9, 2003, is the issue currently before the Court. The issue is ripe for consideration pursuant to the filing of the subject Motion to Remand by Plaintiff on December 30, 2003.

## II. Analysis

 As stated above, with the dismissal of Commonwealth National, the only non-diverse Defendant in this case, Defendant Central United contends that this Court must exercise jurisdiction over the case pursuant to 28 U.S.C. § 1332, diversity of citizenship. The Court disagrees.

The issue of whether a federal court may exercise diversity of citizenship jurisdiction over a case after the involuntary dismissal of a non-diverse defendant in state court was addressed in the often cited case of *Weems v. Louis Dreyfus Corp.*, 380 F.2d 545 (5th Cir.1967). In *Weems*, the United States Court of Appeals for the Fifth Circuit set forth the *"voluntary v. involuntary"* test to determine whether the dismissal of a non-diverse defendant in a state court proceeding renders the case properly removable to federal court. Analyzing this issue, the *Weems* court cited Note, The Effect of

---

place of business was located in Cleveland, Mississippi. Accordingly, Commonwealth

National is a Mississippi resident for purposes of diversity of citizenship.

Section 1446(b) on the Nonresident's Right to Remove, 115 U. Pa. L.Rev. 264, 267 (1966), as follows: "if the resident defendant was dismissed from the case by the voluntary act of the plaintiff, the case became removable, but if the dismissal was the result of either the defendant's or the court's acting against the wish of the plaintiff, the case could not be removed." *Weems*, 380 F.2d at 546. The court went on to describe the merit of the *voluntary v. involuntary rule* by stating that

> it prevents removal of those cases in which the issue of the resident defendant's dismissal has not been finally determined in the state courts. This avoids the duplication and expense which would result if a resident defendant was dismissed on an appealable ground, the nonresident was permitted to remove, and the plaintiff then obtained a reversal of the dismissal in the state appellate courts. On the other hand, that danger does not arise where a plaintiff voluntarily drops a resident defendant since appeal then is not available, and the elimination of the resident defendant from the case is final.

*Id.*

In the subject case, it is undisputed that the dismissal of Commonwealth National from this case was not through a "voluntary" act of Plaintiff. Defendant Central United argues that the subject removal was nevertheless proper under the "fraudulent joinder" exception to the *voluntary v. involuntary rule*. Under this exception, even if dismissal of the non-diverse defendant in the state court suit was contested by a plaintiff, removal should be allowed if the dismissal was based on fraudulent joinder. Because Commonwealth National was dismissed by the state court based on failure to state a claim upon which relief may be granted, Central United contends that Commonwealth National was fraudulently joined, and that the fraudulent joinder exception applies.

This argument is not well taken for two reasons. First, neither the Fifth Circuit nor any Federal District Court in Mississippi has adopted the fraudulent joinder exception to the *voluntary v. involuntary rule*. Second, adoption of such an exception contravenes the purpose of the *voluntary v. involuntary rule*. That is, if the fraudulent joinder exception is adopted, then parties and the courts face the possibility that dismissal of the non-diverse defendant by the state trail court may be overturned by the state appellate court, resulting in nullifying all proceedings undertaken in federal court subsequent to removal of the case. This scenario would result in an undue tax on the limited resources of the federal court system, and would result in undue expenditures by the parties. For these reasons, this Court will not adopt the fraudulent joinder exception to the *voluntary v. involuntary rule*. As the fraudulent joinder exception is the only argument on which Central United "hangs its hat," Plaintiff's Motion to Remand must be granted.

### III. Conclusion

For all of the reasons stated above:

IT IS THEREFORE ORDERED that the Motion of Plaintiff to Remand [3–1] is hereby granted. The Clerk of the Court is hereby directed to remand this case to the Circuit Court of the First Judicial District of Hinds County, Mississippi, with all parties to bear their own costs pertaining to the removal and remand of this case.