**Sharon HALEY, Guardian/Parent and Next Best Friend of Jerome DAVIS, Plaintiff,**

**v.**

**HAMMETT AUTOMOBILES, INC. d/b/a Southland Mazda, and Ford Motor Company, Defendants.**

**No. CIV.A. 5:03–CV–460BrS.**

United States District Court, S.D. Mississippi, Western Division.

Sept. 29, 2004.

Kevin Dwight Muhammad, Kevin Dwight Muhammad & Associates, Fayette, MS, for Plaintiff.

Gene D. Berry, Walker W. Jones, III, Barry Wayne Ford, Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Jackson, MS, for Defendants.

### MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This cause is before the Court on the plaintiff's Motion to Remand and Motion for Sanctions (docket entry no. 4–1). Having carefully considered the motions, responses and briefs, and the applicable law, the Court finds as follows:

### FACTUAL AND PROCEDURAL BACKGROUND

This products liability action originated in the Circuit Court of Jefferson County,

Mississippi, on August 21, 2003. The plaintiff is the guardian and next best friend of Jerome Davis, the plaintiff's minor son who resides in Jefferson County, Mississippi. *See* Plaintiff's Complaint and Request for Jury Trial at ¶ 1. The complaint alleges under a theory of strict liability and negligence that the plaintiff's son was injured in a vehicle manufactured by Ford Motor Company because the vehicle's air bag system did not deploy during an accident. *Id.* at ¶¶ 6–11. The complaint further alleges that Hammett Automobiles, Inc. ("Hammett") is liable for having "negligently and carelessly maintained, repaired, and sold the automobile," and for breaching its implied warranty of merchantability and express warranties. *Id.* at ¶ 10. Defendant Hammett is a Mississippi corporation doing business in Natchez, Mississippi. *Id.* at ¶ 2. The plaintiff seeks an undetermined amount of compensatory damages and punitive damages in the amount of $20,000,000.00. *Id.* at ¶ 28.

On September, 19, 2003, the defendants filed a timely Notice of Removal. The defendants argue that Hammett was fraudulently joined because Miss.Code Ann. § 11–1–64 prevents the plaintiff from maintaining a claim against Hammett. The plaintiff subsequently filed a Motion to Remand contending that it can establish a claim of breach of implied warranty against Hammett. This opinion addresses whether Hammett was fraudulently joined.

### DISCUSSION

The defendants must prove that removal of this suit was proper because federal jurisdiction, in fact, exists. *Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812,

815 (5th Cir.1993) (stating that the removing party has the burden of proving the federal court has jurisdiction to hear a case). Where, like here, the removing party alleges that jurisdiction is based on diversity of citizenship and charges that a party has been improperly joined merely to defeat jurisdiction, the removing party "has the burden of proving the fraud." *Laughlin v. Prudential Ins. Co.,* 882 F.2d 187, 190 (5th Cir.1989). Improper joinder [1] is established if the removing party can demonstrate "(1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant." *Ross v. Citifinancial, Inc.,* 344 F.3d 458, 461 (5th Cir.2003) (citing *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir.2003)).

The district court may "pierce the pleadings" and consider "summary judgment-type evidence" (e.g., affidavits and deposition testimony) when inquiring whether a non-diverse defendant has been improperly joined. *Id.* at 462–63. However, while conducting this inquiry, the court must resolve all disputed questions of fact and ambiguities of state law in favor of the non-removing party. *Id.* at 463. Ultimately, the district court "must determine whether there is arguably a reasonable basis for predicting that state law might impose liability." *Id.* at 462. But, "there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Id.*

Prior to the passage of Miss.Code Ann. § 11–1–64, federal courts in Mississippi refused to find improper joinder in cases involving sellers of products. The case of *Clark v. Williamson,* [2] involved facts similar to the case *sub judice.* The plaintiff in

---

1. The terms "improper joinder" and "fraudulent joinder" are synonymous as the Fifth Circuit recognized in the recent case of *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 571 (5th Cir.2004). The Court will henceforth use the term "improper joinder" when

referring to a plaintiff's inability to establish a cause of action against an in-state defendant except in the case of a direct quotation from a pre-*Smallwood* opinion.

2. 129 F.Supp.2d 956 (S.D.Miss.2000).

*Clark* joined a local dealership in its action against General Motor Company under strict liability theory alleging the placement of a defective vehicle into the stream of commerce. The court held that there was not improper joinder of the dealership because Mississippi products liability law allows for recovery under a strict liability theory from either a manufacturer or a seller of a product. *Clark*, 129 F.Supp.2d at 960–61 (citing *Scordino v. Hopeman Bros., Inc.*, 662 So.2d 640 (Miss.1995) and holding "[t]hus, it may be inferred from the *Scordino* decision ... that those defendants proven to be sellers or manufacturers of defective products ... will be held liable under Mississippi law pursuant to the doctrine of strict liability.").

Subsequent to the *Clark* opinion, the Mississippi legislature passed § 11–1–64 [3] in 2002 as part of its comprehensive tort reform measures.[4] § 11–1–64, however, was repealed with an effective date of September 1, 2004.[5] In place thereof, the legislature amended the Mississippi products liability statute to provide immunity to innocent sellers.[6] However, inasmuch

---

**3.** The statute reads as follows:

(1) A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.

(2) This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom recovery may be had for plaintiff's claim.

(3) A defendant may move for dismissal under this section within one hundred eighty (180) days from the date an answer or other responsive pleading is due to be filed or at such later time as may be permitted by the court for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce.

(4) The parties shall have sixty (60) days in which to conduct discovery on the issues raised in the motion and affidavit. The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.

(5) Any party may move for a hearing on a motion to dismiss under this section. If the requirements of subsections (2) and (3) of this section are met, and no party comes forward at such a hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss without prejudice the claim as to that defendant.

(6) No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.

(7) An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim.

**4.** § 11–1–64 went into effect on January 1, 2003.

**5.** The legislation states that the changes "shall take effect and be in force from and after September 1, 2004, and ... shall apply to all causes of action filed on or after September 1, 2004." 2004 Extraordinary Session, H.B. No. 13 at section 20. Importantly, there is no retroactive language.

**6.** The amended provision reads: "In any action alleging that a product is defective pursuant to paragraph (a) of this section, the seller of a product other than the manufacturer shall not be liable unless the seller exercised substantial control over that aspect of the design, testing, manufacture, packaging or labeling of the product that caused the harm for which recovery of damages is sought; or the seller altered or modified the product, and the alteration or modification was a substantial factor in causing the harm for which recovery of damages is sought; or the seller had actual or constructive knowledge of the defective condition of the product at the time he supplied the product. It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere

as this action was filed on August 21, 2003, § 11–1–64 is applicable.

§ 11–1–64 in essence allows for the dismissal of a defendant if that defendant is a mere seller in the stream of commerce, i.e. merely a conduit for the passage of goods to the consumer. The statute, however, attempts to prevent removal to federal court by stating that "no order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes." § 11–1–64(6).

§ 11–1–64 is identical to Missouri Code § 537.762. In the case of *Pender v. Bell Asbestos Mines, Ltd.,* a federal district court in Missouri granted a motion to remand in a case which was removed to federal court after an in-state innocent seller was dismissed in state court pursuant to § 537.762. The *Pender* court upheld the provision in the Missouri statute prohibiting the divesting of a court's jurisdiction after the involuntary dismissal of an innocent seller by the state court. *Pender v. Bell Asbestos Mines, Ltd.,* 46 F. Supp 2d. 937, 940 (E.D.Mo.1999). The court stated that Eighth Circuit precedent counsels that under the removal statute an involuntary dismissal of a nondiverse defendant cannot create grounds for removal. *Pender,* 46 F. Supp 2d. at 940 (quoting *In re Iowa Mfg. Co.,* 747 F.2d 462, 463 (8th Cir.1984) where the Eight Circuit stated, "if the plaintiff voluntarily dismisses the non-diverse defendant, the case may be removed. Removal is improper, however,

if the dismissal of that resident defendant was involuntary."). Moreover, in *Weems v. Louis Dreyfus Corp.,* the Fifth Circuit overturned a district court's denial of a motion to remand when the case was removed to federal court after a state trial judge granted a directed verdict dismissing the only nondiverse defendant in the case. *Weems v. Louis Dreyfus Corp.,* 380 F.2d 545 (5th Cir.1967).[7] The *Weems* court, like the *Pender* court, based its decision on the fact that the dismissal of the nondiverse defendant via the directed verdict was not final since it could be appealed in state court. *Weems,* 380 F.2d at 548. The policy behind this rule is the promotion of judicial economy inasmuch as there is the possibility that after removal a state court on appeal might overturn the dismissal of the non-diverse defendant, and the federal court, in turn, would have to remand the case to state court. *Id.* at 548; *see also Pender,* 46 F. Supp 2d. at 940.

The case *sub judice* is distinguishable from the *Weems* and *Pender* cases because the issue here is whether there is jurisdiction based on the improper joining of an in-state defendant. Thus, the Court will now determine whether there was improper joinder of Hammett.

The plaintiff alleges that Hammett is liable under implied warranty law because the dealership sold the vehicle. There are no allegations that Hammett in anyway altered the vehicle's airbags. The plaintiff alleges that Hammett is liable because it was a seller in the stream of commerce. *See* Plaintiff's Brief in Support of Motion to Remand and Motion for Sanctions at ¶¶ 8–11. This is the very theory of liabili-

---

conduits of a product." Miss.Code Ann. § 11–1–63(h).

**7.** This opinion bases its conclusions on two U.S. Supreme Court cases which hold that cases can only become removable "pursuant

to a voluntary act of the plaintiff." *See Powers v. Chesapeake & O. Ry.,* 169 U.S. 92, 18 S.Ct. 264, 42 L.Ed. 673 (1898); *Whitcomb v. Smithson,* 175 U.S. 635, 20 S.Ct. 248, 44 L.Ed. 303 (1900).

ty that § 11–1–64 eliminated. The defendants supplied the Court with an affidavit from the president of Hammett, in which he swears that the company "made no repairs to the air bag and performed no services to the vehicle that are related to the [plaintiff's] claims against [Hammett]." *See* Affidavit of Danny Hammett (attached as Exhibit A to Defendants' Response to Plaintiff's Motion to Remand). Hammett also submitted to the Court service records on the allegedly defective vehicle, and none of these reports indicates that Hammett did any service on the vehicle's airbags. *See* Exhibit B to Defendants' Response to Plaintiff's Motion to Remand. The plaintiff has not supplied the Court with any evidence to the contrary. The plaintiff only argues that she has met the burden of proof to establish her prima facie case under a breach of implied warranty theory. *See* Plaintiff's Brief in Support of Motion to Remand and Motion for Sanctions at ¶¶ 9–10. The plaintiff, however, has not provided any evidence to counter the defendants' evidence and argument supporting a finding that § 11–1–64 protects Hammett from liability. Without proof that Hammett affected the airbags in any way, the Court finds that Hammett was improperly joined because of § 11–1–64. Therefore, Hammett is hereby dismissed from this action.

### CONCLUSION

Based on the reasoning and authority set forth above, the Court holds that defendant Hammett was improperly joined and consequently, diversity jurisdiction does exist in this case. As such, the plaintiff's Motion to Remand is not well-taken and shall be **DENIED**. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [**docket entry no. 4–1**] is **DENIED**.

IT IS FURTHER ORDERED that the plaintiff's claim against Defendant Hammett Automobiles, Inc. is hereby **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that the plaintiff's Motion for Sanctions [**docket entry no. 4–1**] is **MOOT**.