# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SCOTT M. WILLIAMS, an individual
and all others similarly situated,
            *Plaintiff-Appellee,*

            v.

COSTCO WHOLESALE CORPORATION,
a Washington corporation, dba
Costco,

            *Defendant-Appellant,*

            and

DOES 1-150, inclusive,
            *Defendants.*

No. 03-56093

D.C. No.
CV-02-02003-
NAJ/JFS

OPINION

Appeal from the United States District Court
for the Southern District of California
Napoleon A. Jones, District Judge, Presiding

Argued and Submitted
August 16, 2006—Pasadena, California

Filed December 6, 2006

Before: Alex Kozinski, Diarmuid F. O'Scannlain and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

19213

**COUNSEL**

Kenwood C. Youmans, David D. Kadue & Thomas J. Wybenga, Seyfarth Shaw LLP, Los Angeles, California, for the appellant.

Frank J. Coughlin, Coughlin & Conforti, Santa Ana, California; Earl R. Wallace, Ruzicka, Snyder & Wallace, LLP, Newport Beach, California, for the respondent.

**OPINION**

PER CURIAM:

Williams sued Costco in California state court, alleging violations of federal and state law. Costco properly removed the case to district court, relying on federal question jurisdiction. After removal, Williams amended his complaint to elim-

inate the only federal claim and to add new state law claims. He then filed a motion to remand. The district court held that it had discretion to remand the state law claims, and did so.

At the time Williams filed his motion to remand, however, the district court had jurisdiction over the remaining state law claims based on diversity of citizenship. The district court recognized this,[1] but held that Costco could not rely on this ground because it had not filed a second removal notice within 30 days of the amended complaint—the document that had first made it clear that the requirements for diversity were satisfied.[2]

[1] The district court erred.[3] We have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court.

---

[1] The district court seems to have believed that William's original complaint, the one filed in state court, was unclear as to whether the amount in controversy exceeded $75,000, but the amended complaint cured this uncertainty. We have some doubt that the original complaint failed to clearly allege the jurisdictional amount, but it makes no difference. If the original complaint in fact supported federal jurisdiction on both diversity and federal question grounds, Costco was not required to list both grounds in its notice of removal. The civil removal statute, unlike the removal statute for criminal cases, has no requirement that all grounds for removal be listed in the notice. *Compare* 28 U.S.C. § 1446(b) *with id.* § 1446(c)(2). And, if the original complaint already stated a claim for diversity of citizenship, the question that distracted the district court—i.e., whether Costco was required to file a second notice of removal—is rendered moot.

[2] The district court derived the 30-day time-limit from the second paragraph of 28 U.S.C. § 1446(b), which deals with the situation where the grounds for removal are not apparent from the original state-court pleading, but become apparent upon the filing of an amended pleading or other paper. In such circumstances a defendant has 30 days from service of this document to file a notice of removal.

[3] Because this remand was not based on lack of subject matter jurisdiction or any defect in the removal—the grounds for which 28 U.S.C. § 1447(d) bars appellate review—we may review the remand order. *See Quackenbush* v. *Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996).

*See Sparta Surgical Corp.* v. *Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998); *O'Halloran* v. *Univ. of Wash.*, 856 F.2d 1375, 1379 (9th Cir. 1988). It follows that a party that has properly removed a case need not amend its removal notice or file a new notice after an amended complaint changes the ground for federal jurisdiction. Because post-removal pleadings have no bearing on whether the removal was proper, there is nothing a defendant can or need do to perfect the removal. *See Yarnevic* v. *Brinks, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996). Indeed, the idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical. After all, "a Supplemental Notice of Removal would, if granted, have the effect of removing a case that has already been removed." *Nolan* v. *Boeing Co.*, 715 F. Supp. 152, 153 n.1 (E.D. La. 1989).

**[2]** Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice. *See Brockman* v. *Merabank*, 40 F.3d 1013, 1016 (9th Cir. 1994). Any post-removal pleadings must be treated just as they would be in a case originally filed in federal court. Here, the district court had authority over the state law claims in the original complaint only on the basis of supplemental jurisdiction. *See* 28 U.S.C. § 1367. Dismissal of the federal claim would thus, ordinarily, have authorized the district court to remand the pendent state law claims. *Id.* § 1367(c)(3). But, as defendant pointed out below, the amended complaint presented an independent jurisdictional basis for the state law claims, namely diversity. With rare exceptions not applicable here,[4] where the district court is presented with a case within its original jurisdiction, it has "a 'virtually unflagging obligation' to exercise the jurisdiction conferred upon [it] by the

---

[4]Neither plaintiff nor the district court has suggested that this is the rare case where abstention may be appropriate. *See Quackenbush*, 517 U.S. at 716-17.

coordinate branches of government and duly invoked by litigants." *United States* v. *Rubenstein*, 971 F.2d 288, 293 (9th Cir. 1992) (quoting *Colo. River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 817 (1976)). The district court had no discretion to remand these claims to state court.

**REVERSED.**