**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GAVEN HILL,

                Plaintiff - Appellant,

    v.

KRISTAN HILL-LOVE,

                Defendant - Appellee.

No. 11-16552

D.C. No. 2:09-cv-02713-KJM-DAD

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted February 11, 2013[**]
San Francisco, California

Before: SCHROEDER, HAWKINS, and MURGUIA, Circuit Judges.

    Plaintiff Gaven Hill ("Hill") originally filed this suit against his sister Kristan

Hill-Love ("Hill-Love") in state court, alleging damages exceeding $100,000 for

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

conversion, intentional interference with prospective economic advantage, unjust enrichment, intentional infliction of emotional distress, and exemplary (punitive) damages. Hill-Love removed this action to federal court based on diversity.[1] The district court eventually granted summary judgment to Hill-Love because Hill failed to meet any of the federal court's discovery deadlines or deadlines for disclosure of witnesses and thus had no evidence that could be presented at trial to support his claims. We affirm.

There was no error in denying Hill's motion to remand to state court. The district court properly ignored Hill's belated attempt to avoid federal jurisdiction and adhered to this circuit's longstanding rule that the "propriety of removal is determined solely on the basis of the pleadings filed in state court," *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006), as Hill explicitly sought damages in excess of $75,000 in his state court complaint. *See also Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) ("Events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do

---

[1] Hill-Love, a citizen of California, violated the forum defendant rule by removing to district court in California. 28 U.S.C. § 1441(b)(2). However, Hill waived the procedural defect by failing to raise an objection within thirty days following removal. *See* 28 U.S.C. § 1447(c); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 935-36 (9th Cir. 2006) (violation of § 1441(b) is procedural and a waivable defect).

2

not oust jurisdiction.") (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-90 (1938)).

Nor was there any error in granting Hill-Love's motion for summary judgment. Hill utterly failed to comply with pretrial scheduling orders regarding discovery and disclosure of witnesses, and he did not bear his burden of establishing that such failure was "substantially justified" or "harmless." Fed. R. Civ. P. 37(c)(1). Hill thus had no admissible evidence to create an issue of material fact for trial. *See Hoffman v. Constr. Protective Servs.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (explaining that Rule 37 sanctions are appropriate even if a litigant's entire cause of action falls). Hill has also failed to meet his burden of establishing that res judicata or collateral estoppel would apply to any of the issues or claims presented in this action. *See Lucido v. Super. Ct.*, 795 P.2d 1223, 1225 (Cal. 1990); *Mycogen Corp. v. Monsanto Co.*, 51 P.3d 297, 299 (Cal. 2002)..

**AFFIRMED.**