
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNE MERCY KAKARALA, | No. 13-16176 |
| Plaintiff - Appellee, | D.C. No. 4:10 cv-00208- FRZ |
| v. | |
| WELLS FARGO BANK, NA, | MEMORANDUM[*] |
| Defendant - Appellant, | |
| And | |
| ROBIN'S NEST PROPERTIES LLC, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted August 13, 2015[**]
San Francisco, California

Before:     REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Defendant Wells Fargo Bank, NA ("Wells Fargo") appeals from the district court's order remanding Plaintiff Anne Kakarala's state law claims to Arizona state court. The matter was originally removed to federal court on the basis of federal question jurisdiction. The district court initially dismissed all of Kakarala's claims, but, on a motion for reconsideration, dismissed only Kakarala's federal law claims and remanded her state law claims to state court. We have jurisdiction under 28 U.S.C. § 1291, and we conclude that the district court erred in remanding Kakarala's state law claims because it possessed diversity jurisdiction. We therefore reverse the district court's remand order.

1.     Kakarala contends that we lack appellate jurisdiction to review the district court's remand order. 28 U.S.C. § 1447(d) only bars appellate review of remand orders where the remand is based on a lack of subject matter jurisdiction. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638-39 (2009). Thus, "if a district court remands a case to state court for *any reason* other than lack of subject matter jurisdiction, its remand order is appealable under 28 U.S.C. § 1291." *Harmston v. City & Cty. of S.F.*, 627 F.3d 1273, 1277 (9th Cir. 2010). Here, the district court's remand order was based on a discretionary decision not to exercise supplemental jurisdiction over state law claims. Thus, the remand order is subject to appellate review. *See id.*

**2.** Kakarala contends that Wells Fargo's removal of this case from state court was untimely. Under 28 U.S.C. § 1447(c), a plaintiff must move to remand a case "on the basis of any defect other than lack of subject matter jurisdiction" within 30 days of the filing of a notice of removal. "[U]ntimely removal is a procedural rather than a jurisdictional defect," *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992), and an objection to untimely removal "can be waived," *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). To avoid waiver, the party seeking remand must raise the alleged defect in a motion filed within the 30-day window created by § 1447(c); merely filing *some* timely motion to remand will not preserve objections not explicitly raised. *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). Although Kakarala filed a document titled "Opposing Removal" which could be construed as a motion to remand, she never raised untimeliness as a basis for remand until this appeal, well beyond § 1447(c)'s 30-day window. The issue of the timeliness of Wells Fargo's notice of removal is therefore waived.

**3.** Wells Fargo contends that the district court erred in remanding Kakarala's state law claims to state court. When a case is properly removed to federal court, the district court may exercise jurisdiction on all bases apparent from

3

the complaint, not merely the basis raised in the removal notice. *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (per curiam). Moreover, if a court has diversity jurisdiction over a case, its "virtually unflagging obligation to exercise the jurisdiction conferred upon [it] by the coordinate branches of government and duly invoked by litigants," precludes it from remanding state law claims. *Id.* at 977 (quoting *United States v. Rubenstein*, 971 F.2d 288, 293 (9th Cir.1992) (alteration in original) (internal quotation marks omitted)). The fact that a non-diverse party was once joined in a case does not prevent a court from exercising diversity jurisdiction after the non-diverse party's dismissal. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996).

At the time the district court issued its remand order, all the requirements for diversity jurisdiction were met. The only parties, Kakarala and Wells Fargo, were citizens of different states and the amount in controversy exceeded $75,000. Thus, the district court had diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1). That a non-diverse defendant – Robins Nest Properties, LLP – was present at an earlier point in the litigation is irrelevant. *See Caterpillar*, 519 U.S. at 64. Given that diversity jurisdiction existed over Kakarala's state law claims at the time of the district court's remand order, "[t]he district court had no discretion to remand these claims to state court." *Williams*, 471 F.3d at 977.

4

·  ●  ·

Because the district court had diversity jurisdiction, it erred in remanding Kakarala's state law claims to state court.  The district court's order remanding Kakarala's state law claims to state court is reversed and the case is remanded for further proceedings consistent with this disposition.

**REVERSED and REMANDED.**