

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated, | No. 14-55029 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-07741-R-FFM |
| v. | MEMORANDUM* |
| ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company, | |
| Defendant - Appellee. | |

| | |
|---|---|
| JUAN PEREZ, on behalf of himself and those similarly situated, | No. 14-55058 |
| Plaintiff - Appellee, | D.C. No. 2:13-cv-07741-R-FFM |
| v. | |
| ALTA-DENA CERTIFIED DAIRY, LLC, a Delaware Limited Liability Company, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California

———————

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Manuel L. Real, District Judge, Presiding

Argued and Submitted March 9, 2016
Pasadena, California

Before: PREGERSON, PAEZ, and NGUYEN, Circuit Judges.

Juan Perez and Alta-Dena Certified Dairy cross-appeal from the district court's order denying Perez's motion to remand, granting Alta-Dena's motion for partial dismissal, and remanding Perez's remaining claims to state court. We affirm in part, reverse in part, vacate in part, and remand for further proceedings consistent with this disposition. Alta-Dena's appeal is dismissed as moot.

**1.** The district court did not err in denying Perez's motion to remand. Alta-Dena's second removal petition was timely because it was filed within thirty days after Perez's First Amended Complaint ("FAC") was remanded to state court. It is immaterial that Alta-Dena removed more than thirty days after Perez filed the FAC in *federal* court. *See Peabody v. Maud Van Cortland Hill Schroll Trust*, 892 F.2d 772, 775 (9th Cir. 1989) (observing that a motion "filed *in* federal court[] . . . could not trigger a right to remove *to* federal court"); *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976-77 (9th Cir. 2006) ("[T]he idea of filing a notice of removal in a case that is already pending in federal court, having been properly removed, is nonsensical.").

**2.**     Further, Alta-Dena's second removal was not improperly successive. Although a defendant may not file a second removal petition based on the same grounds as a prior, unsuccessful petition, *Seedman v. U.S. Dist. Court for Cent. Dist. of Calif.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam), "a defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a *new* and *different* ground for removal." *Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991). In the related context of deciding when the thirty-day window to remove an indeterminate complaint is triggered, we have observed that "even if a case were not removable at the outset," it may be "rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed 'paper.'" *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005) (quoting 28 U.S.C. § 1446(b)).  Here, Perez filed a new pleading, the FAC, which at the very least placed two additional years of alleged violations in controversy.  Additionally, although the original complaint did not put rest breaks (in addition to meal breaks) at issue under the route restriction theory, paragraph 16 of the FAC can fairly be read to do just that.  We hold therefore that the FAC presented a new and different ground for removal justifying the second removal.

**3.** Perez's related argument that Alta-Dena should have relied on the FAC filed in district court when it opposed his first motion to remand is not well taken, since Perez urged the district court to ignore it. In any event, "[w]e have long held that post-removal amendments to the pleadings cannot affect whether a case is removable, because the propriety of removal is determined solely on the basis of the pleadings filed in state court." *Williams*, 471 F.3d at 976.

**4.** The district court fairly interpreted the FAC to place more than $75,000 in controversy. As the record reflects, the district court adopted Alta-Dena's amount-in-controversy calculations for the FAC's first cause of action, which were based on two assumptions: Perez's route restriction theory placed every meal and rest break at issue, and the alleged violations occurred from May 2006 until January 2013.

The allegations in the FAC support both assumptions. Paragraph 16 alleged that "[f]rom at least 2005 to the present," under Alta-Dena's route restriction policy "drivers could not leave the route and had to remain with their truck for which they had ultimate responsibility. Thus, Defendant did not allow Plaintiff or any putative class member duty free meal and/or rest period(s) . . . ." Perez recognized that these allegations could support a "100% violation on the *meal* breaks." As noted above, the text of Paragraph 16 is plausibly read to allege a

-4-

violation of every rest break as well. Moreover, even if the applicable statute of limitations ultimately precludes recovery for violations before May 2009, as Perez argues, that potential defense does not reduce the amount in controversy for purposes of establishing federal jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938) ("[T]he fact that it appears from the face of the complaint that the defendant has a valid defense, if asserted, to all or a portion of the claim, . . . , will not justify remand."). Based on these two permissible assumptions, Perez's first cause of action placed just over $74,000 worth of meal and rest break premiums in controversy.

Additionally, the parties agree that the first cause of action placed statutory penalties worth $1275 in controversy. Finally, Perez acknowledged that, in addition to amounts the FAC's first cause of action placed in controversy, four other causes of action placed approximately $25,000 in controversy excluding attorneys' fees. Taken together, Alta-Dena met its burden of demonstrating by a preponderance of the evidence that the jurisdictional threshold of $75,000 was

satisfied. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).[1]

5.      Alta-Dena moved to dismiss Perez's first and second causes of action only to the extent they alleged meal-period and overtime claims arising after the June 1, 2011 collective bargaining agreement ("CBA"). Alta-Dena acknowledged in the district court that Perez's first and second causes of action also alleged rest-break and straight-time claims not subject to the CBA exemption, and confirmed that it did not seek to dismiss those "pieces" of the two causes of action. Similarly, Alta-Dena acknowledged at oral argument in this court that its motion to dismiss did not attack meal-break and overtime claims predating the CBA.

Pursuant to the parties' representations in their briefs and at oral argument, we conclude that the district court erred in construing Alta-Dena's motion to seek complete dismissal of the first two causes of action and in dismissing them in their entirety. The district court's order is reversed to the extent it dismissed Perez's first two causes of action based on conduct other than meal-break and overtime violations postdating the CBA. Perez's first and second causes of action may properly proceed to the extent they allege meal-break and overtime claims that

---

[1]Because we do not rely on the portions of Alta-Dena's supplemental excerpts of record that Perez challenges in his Motion to Strike, the motion is **DENIED** as moot.

predate the CBA and to the extent they are based on rest-break and minimum-wage/straight-time claims which were not the subject of Alta-Dena's motion to dismiss. Moreover, in light of Perez's contention at oral argument that the CBA may not be valid for purposes of exempting him from pursuing meal-break and overtime claims, the district court's dismissal *with prejudice* of the first two causes of action to the extent they allege meal-break and overtime violations postdating the CBA is vacated so that Perez may seek leave to amend.

6.    In its cross-appeal, Alta-Dena argues that the district court erred in remanding Perez's remaining causes of action. Because we reverse in part and remand for further proceedings in the district court, Alta-Dena's cross-appeal is dismissed as moot.

**AFFIRMED IN PART, REVERSED IN PART, VACATED IN PART, AND REMANDED**. Appeal No. 14-55058 is **DISMISSED** as moot.

Alta-Dena shall recover its costs on appeal.