**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| OKSANA BAIUL-FARINA, professionally known as Oksana Baiul, an individual, | No.    18-56198 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-07325-DDP-MRW |
| v. | MEMORANDUM[*] |
| JOSEPH CHARLES LEMIRE, an individual; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted February 7, 2020
Pasadena, California

Before:  BOGGS,[**] IKUTA, and LEE, Circuit Judges.

Oksana Baiul-Farina appeals the district court's denial of her motion to

remand her lawsuit to state court and the court's entry of judgment dismissing her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

claims against Joseph Lemire, Olympic Champions, Ltd. (incorporated in Delaware) (OCL), Olympic Champions, Ltd. (incorporated in the British Virgin Islands) (OCL-BVI), and Ukraine. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Because sovereign immunity is a "threshold grounds for denying audience to a case on the merits," *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (citation omitted), we may consider whether the district court lacked subject-matter jurisdiction over Ukraine due to sovereign immunity before addressing the district court's denial of the motion to remand. Because it is undisputed that Ukraine is a sovereign state, we presume it is protected by immunity, *see Siderman de Blake v. Republic of Argentina*, 965 F.2d 699, 708 (9th Cir. 1992), and we have jurisdiction only if an exception to immunity applies, as set forth in the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602–1611. Baiul-Farina asserts that the FSIA's commercial-activity exception to immunity applies because her action against Ukraine is based on "an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States." 28 U.S.C. § 1605(a)(2). We disagree because Baiul-Farina's complaint does not allege that Ukraine engaged in "the type of actions by which a private party

2

engages in trade and traffic or commerce." *Embassy of the Arab Republic of Egypt v. Lasheen*, 603 F.3d 1166, 1170 (9th Cir. 2010) (emphasis omitted) (quoting *Republic of Argentina v. Weltover, Inc.*, 504 U.S. 607, 614 (1992)). Although the complaint alleges that defendants engaged in theft and conversion, such actions are not commercial activity, but rather "sound[] in tort." *Randolph v. Budget Rent-A-Car*, 97 F.3d 319, 324 (9th Cir. 1996).[1] Because Baiul-Farina has not carried her initial burden of pleading sufficient factual matter to establish that the commercial-activity exception should apply, *see Terenkian v. Republic of Iraq*, 694 F.3d 1122, 1131–32 (9th Cir. 2012),[2] Ukraine is immune from jurisdiction in federal court.

We also affirm the district court's denial of the motion to remand. Baiul-Farina argues that there was a defect in diversity at the time of removal because

___

[1] Baiul-Farina cites two cases from the D.C. Circuit to argue that theft and conversion are commercial activities, but they are inapposite. In *de Csepel v. Republic of Hungary*, an instrumentality of a foreign nation was deemed to have entered into contracts with the plaintiffs, who then brought claims stemming from breaches of those contracts. *See* 714 F.3d 591, 598 (D.C. Cir. 2013). In *Gilson v. Republic of Ireland*, the plaintiff and defendant entered into a contract related to a commercial enterprise in which both plaintiff and defendants were involved. 682 F.2d 1022, 1024, 1027 (D.C. Cir. 1982). Here, Baiul-Farina does not allege that Ukraine entered into any contract, nor that it was engaged in a commercial enterprise with Baiul-Farina.

[2] Indeed, it is difficult to discern exactly what Baiul-Farina alleges that Ukraine did, because her complaint consists primarily of bare legal conclusions, which we do not consider while determining whether she has met her pleading burden. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants," *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994), and she alleges that she is a citizen of Ukraine and defendants Lemire, Ukraine, and OCL-BVI were also foreign citizens. Considering the operative complaint at the time of removal, *see Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006), we disagree.

Lemire has carried his burden of establishing that he is domiciled in Louisiana. *See Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("To demonstrate citizenship for diversity purposes a party must (a) be a citizen of the United States, and (b) be domiciled in a state of the United States."). "[D]omicile often hangs on the slender thread of intent alone, as for instance where one is a wanderer over the earth," *Weible v. United States*, 244 F.2d 158, 163 (9th Cir. 1957), and here Lemire testified in a sworn affidavit that he "never relinquished [his] home in New Orleans, Louisiana and always considered it to be [his] permanent and principal home, to which [he] always intended to return, and to which [he] did, in fact, return when in the United States." Lemire also testified regarding other factors weighing in favor of concluding that his domicile is in Louisiana, including that he pays property taxes in Louisiana, possesses a current Louisiana driver's license, and is licensed to practice law in Louisiana. *See Lew*, 797 F.2d at 750. In attempting to

rebut this evidence, Baiul-Farina adduced only evidence of Lemire's ten-year-old unsworn statements that he considered Ukraine to be his home and evidence that a process server and a doorman stated that Lemire was "unknown" at his address in Louisiana, which is insufficient to rebut Lemire's sworn testimony. Nor did Baiul-Farina ask the district court for jurisdictional discovery to develop the record regarding Lemire's domicile.[3] Given the evidence in the record, we conclude that Lemire is, and was at the time of removal, a domiciliary of Louisiana and therefore qualifies as a citizen of Louisiana for diversity purposes.

OCL-BVI is a nominal party and not considered for purposes of determining diversity jurisdiction, *see Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980)), because it had no "stake in the outcome of this case," *Strotek Corp. v. Air Transp. Ass'n. of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002). The record demonstrates that OCL-BVI ceased conducting business around 2006, had transferred all of its assets to OCL or its shareholders by the end of 2009, and was "struck off" the register of companies in the British Virgin Islands in 2010. It therefore would have no ability

---

[3] The record shows that Baiul-Farina filed discovery requests in state court, but after her action was removed to district court she filed only a motion to compel compliance with the state court discovery requests, which the district court struck as improperly filed. Baiul-Farina's email communications with Lemire regarding discovery did not seek specific information relating to Lemire's citizenship.

to satisfy a judgment against it.[4]  Accordingly, its citizenship is not relevant for the purposes of determining diversity jurisdiction.

Ukraine was a fraudulently joined party at the time of removal.  It therefore is not considered for purposes of determining diversity jurisdiction, *see Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998), because there is no possibility that the operative complaint stated any cause of action against Ukraine "according to the settled rules" of California.  *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).  The complaint made a breach-of-contract claim against defendants, but did not allege that Ukraine was a signatory to the contract at issue, and California law holds that "only a signatory to a contract may be liable for any breach."  *Clemens v. Am. Warranty Corp.*, 193 Cal. App. 3d 444, 452 (1987).  The complaint alleged an unjust enrichment claim against Ukraine, but "[u]njust enrichment is not a cause of action" under California law.  *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004).  Finally, the complaint alleged a claim for an accounting against Ukraine, but the "right to an accounting is

---

[4] Baiul-Farina argues in her reply brief that OCL-BVI is not a nominal party because a state trial court determined that OCL-BVI, and not Baiul-Farina, would have standing to enforce a contract entered into by OCL-BVI.  *See Baiul-Farina v. Sonar Entm't, Inc.*, 2016 WL 7011497, at *2 (Cal. Super. Ct. Oct. 21, 2016).  OCL-BVI was not a party to that action, however, and the state trial court did not consider or rule on the question whether OCL-BVI was an existing company or whether it had assets.  Therefore, we reject Baiul-Farina's argument.

derivative; it must be based on other claims," and because Baiul-Farina's "other claims fail, so too does the one for an accounting." *Janis v. Cal. State Lottery Comm'n*, 68 Cal. App. 4th 824, 833–34 (1998). Therefore, there is no "possibility that a state court would find that the complaint states a cause of action against" Ukraine. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009).

Because there was no foreign defendant to be considered for purposes of determining diversity jurisdiction, the district court did not err in determining that there was complete diversity at the time of removal.

Finally, we affirm the district court's determination that Baiul-Farina's claims against Lemire, OCL, and OCL-BVI were barred by claim preclusion because a prior decision in the Southern District of New York dismissed Baiul-Farina's claims against these defendants on statute-of-limitations grounds. *See Baiul v. William Morris Agency, LLC*, 2014 WL 1804526, at *6–12 (S.D.N.Y. May 6, 2014). Because that district court rendered its judgment pursuant to federal-question jurisdiction, we apply federal principles of claim preclusion, *see Taylor v. Sturgell*, 553 U.S. 880, 891 (2008), which bars litigation "of any claims that were raised or could have been raised in the prior action," when there has been a prior "final judgment on the merits," among other things, *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citation omitted). We reject

7

Baiul-Farina's argument that the previous judgment was not "on the merits," because a dismissal on statute-of-limitations grounds is "a judgment on the merits," *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 228 (1995), which satisfies federal claim-preclusion requirements, *see Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1081 (9th Cir. 2003). Therefore, the district court did not err in dismissing Baiul-Farina's claims.[5]

**AFFIRMED**.

---

[5] We grant Baiul-Farina's motions to take judicial notice of various court filings. *See Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).