NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 21 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SPEKULATION ORPHAN RELIEF
TRUST,

          Plaintiff-ctr-defendant -
Appellant,

  v.

NEWREZ, LLC,

          Defendant-ctr-claimant -
Appellee.

No. 23-3484

D.C. No.
2:23-cv-00014-JAD-BNW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted June 6, 2025
San Francisco, California

Before: CALLAHAN and LEE, Circuit Judges, and RASH, District Judge.[**]
Dissent by Judge LEE.

    Plaintiff Spekulation Orphan Relief Trust ("Spekulation") filed suit in

Nevada state court against Defendant NewRez LLC d/b/a Shellpoint Mortgage

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Scott H. Rash, United States District Judge for the District of Arizona, sitting by designation.

Servicing ("NewRez") and two other entities, seeking declaratory relief or to quiet title to a parcel of real property in Las Vegas, Nevada.  In its original complaint, Spekulation alleged it was a citizen of California and NewRez was a citizen of Delaware.  Spekulation alleged one of the other defendants was a citizen of California; as such, the case was not removable based on diversity jurisdiction at the time Spekulation's original complaint was filed.

After Spekulation filed an amended complaint—omitting any mention of its citizenship and naming only NewRez as a defendant—NewRez filed a notice of removal to federal district court based on diversity jurisdiction.  Spekulation moved to remand the case to state court, asserting one of its trustees had become a Delaware citizen before it filed its amended complaint in state court, and therefore the parties were not diverse and removal was improper.  The district court denied Spekulation's motion, reasoning that "[o]nce jurisdiction attaches, a party cannot thereafter, by its own change of citizenship, destroy diversity," and thus Spekulation's "invention of a diversity-destroying trustee after filing the original complaint" had no effect on the court's jurisdictional analysis.  The court ultimately entered summary judgment in favor of NewRez.  Spekulation appeals.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1.      The district court did not err in denying Spekulation's motion to remand.  We review de novo a district court's denial of a motion to remand to state

court for lack of removal jurisdiction. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Similarly, we "review de novo a district court's determination that diversity jurisdiction exists." *Breitman v. May Co. Cal.*, 37 F.3d 562, 563 (9th Cir. 1994). We review for an abuse of discretion a district court's imposition of sanctions under its inherent power. *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).

It is clear that if a case is originally filed in state court, diversity jurisdiction is determined based on citizenship *both* when the state case is initiated *and* when the case is removed. *Gibson v. Bruce*, 108 U.S. 561, 563 (1883); *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002) ("[T]he core principle of federal removal jurisdiction on the basis of diversity" is "that it is determined (and must exist) as of the time the complaint is filed and removal is effected."). Where an amended complaint has been filed in state court prior to removal, the district court must determine the propriety of removal as of the filing of the amended complaint. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 976 (9th Cir. 2006) (holding propriety of removal is determined on the basis of the parties' pleadings as they stood as of the time removal was effected).

Although the district court in this case implicitly found the parties were not diverse at the time the amended complaint was filed or at the time of removal,

referring to Spekulation's "new Delaware citizenship," the court nevertheless repeatedly indicated its erroneous belief that the only relevant time for assessing diversity of citizenship was the time Spekulation filed its original complaint in state court. At that time, Spekulation and NewRez were citizens of different states—California and Delaware, respectively. The court therefore concluded NewRez had satisfied its burden of establishing complete diversity between the two parties such that exercise of removal jurisdiction was proper. But the relevant starting point for assessing citizenship of the parties in this case is not when Spekulation filed its original complaint in state court—it is when Spekulation filed its amended state-court complaint. At that time, complete diversity did not exist. Rather, although Spekulation's amended complaint named only NewRez as a defendant, Spekulation had obtained a Delaware trustee approximately five days before filing its amended complaint, thereby destroying diversity of citizenship between itself and NewRez. Accordingly, diversity did not exist at the time of removal.

Nevertheless, construing the district court's denial of Spekulation's motion to remand as a sanction for jurisdictional manipulation, the court did not abuse its discretion in denying the motion and exercising removal jurisdiction over this case. *See Maykuth v. Adolph Coors Co.*, 690 F.2d 689, 695 (9th Cir. 1982) ("We must uphold correct legal conclusions even though they are reached for the wrong

23-3484

reason and must affirm a correct decision on any ground fairly supported by the record."). "[C]ourts must be alert to the possibility of jurisdictional manipulation." *3123 SMB LLC v. Horn*, 880 F.3d 461, 470 (9th Cir. 2018) (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 97 (2010)). "Despite the general principle that jurisdictional concerns trump equitable considerations, there may be strong policy reasons for applying some theory of estoppel in the diversity context, in order to prevent parties from deliberately manipulating our exercise of jurisdiction." *United States v. Ceja-Prado*, 333 F.3d 1046, 1050–51 (9th Cir. 2003). The Supreme Court has instructed that where the record reveals attempted jurisdictional manipulation, courts should determine a party's citizenship based on the circumstances present before any manipulation occurred. *Hertz*, 559 U.S. at 97.

The district court expressly determined Spekulation had attempted to destroy the parties' diversity by obtaining Delaware citizenship after filing its initial state-court complaint but before filing its amended complaint. Spekulation did this without informing NewRez and subsequently evaded NewRez's repeated inquiries as to its citizenship. Applying the principle set forth in *Hertz*, the court reasonably relied on Spekulation's California citizenship at the time it filed its initial complaint in state court in determining whether the parties were diverse. *See* 559 U.S. at 97. Accordingly, the court's denial of Spekulation's motion to remand, viewed as a sanction for the court's finding of jurisdictional manipulation, does not

constitute an abuse of discretion. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) ("District courts have the inherent power to control their dockets" and, in exercising that power, may impose sanctions.); *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1135–37 (9th Cir. 2001) (explaining a district court is vested with inherent power to sanction litigation misconduct and, "[w]ith respect to sanctions, a district court's factual findings are given great deference").

**2.** We deny NewRez's motion for sanctions and to strike Spekulation's opening brief. Given the district court's misplaced reliance on the time-of-filing rule applicable in cases originally filed in federal court, *see Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 568, 574 (2004), we decline to sanction Spekulation for omitting from its opening brief any mention of its post-filing change in citizenship and the district court's conclusion that it had manufactured its Delaware citizenship after filing suit in state court for the purpose of destroying diversity.

**3.** We deny Spekulation's motion for sanctions because NewRez's motion for sanctions was not frivolous. NewRez had a good-faith basis to move for sanctions given the district court's express determination that Spekulation had obtained its Delaware citizenship after filing its original state-court complaint for the purpose of manipulating the court's jurisdiction.

23-3484

**4.**     We deny NewRez's request for judicial notice of current Delaware Secretary of State records showing the inactivity of Spekulation's corporate trustee because NewRez does not assert or otherwise establish such records were presented to the district court. *See Harkins Amusement Enters., Inc. v. Gen. Cinema Corp.*, 850 F.2d 477, 482 (9th Cir. 1988) (explaining appellate review is "limited to consideration of issues of fact presented to the district court"); Fed. R. App. P. 10(a).

The district court's grant of summary judgment against Spekulation and in favor of NewRez is **AFFIRMED**.

23-3484

*Spekulation Orphan Relief Trust v. NewRez LLC*, No. 23-3484

LEE, Circuit Judge, dissenting:

Like the majority and the district court, I suspect that Spekulation has manipulated its citizenship to destroy diversity jurisdiction. But federal courts cannot exercise jurisdiction where there is none. And I do not believe that we have diversity jurisdiction over this case. I thus respectfully—and reluctantly—dissent.[1]

A defendant may remove a case from state court to federal court only if the federal court would have original subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). When a case is removed based on diversity jurisdiction, complete diversity must have existed at the time of filing *and* at the time of removal. *See Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131–32 (9th Cir. 2002). There was no complete diversity at the time of filing here, whether measured by the original or amended complaint. Both plaintiff Spekulation and Quality Loan Service (one of the defendants) were California citizens when Spekulation filed its original complaint. When Spekulation filed its amended complaint, Spekulation and NewRez (another defendant) were Delaware citizens. And when NewRez removed the case shortly after that, there was still no complete diversity. Removal was thus improper, and this case belongs back in Nevada state court.

---

[1] I concur in the denial of the sanctions motion and the request for judicial notice.